In the Matter of KATHERINE G. BURRI, Individually and as President of Civil Service Forum, Council 189, et al., Petitioners, against PAUL J. KERN et al., Respondents.

Supreme Court, Special Term, New York County, February 1, 1943.

*Albert De Roode* for petitioners.

*William C. Chanler, Corporation Counsel,* for respondents.

PECORA, J. Petitioners are registered nurses employed by the Department of Health of the City of New York as Public Health Nurses in the graded competitive civil service. They were appointed to the positions now held by them after competitive examination. On April 7, 1937, the Municipal Civil Service Commission (hereinafter called the " Municipal Commission ") by resolution adopted an amendment to its rules, and the classification thereof, by classifying and grading in the graded competitive service the position known as " Public Health Nurse." The amendment was approved by the Mayor of the City of New York on April 21, 1937, and by the State Civil Service Commission (hereinafter called the " State Commission ") on June 3, 1937. This resolution will hereinafter be referred to as the " 1937 resolution." The classification thus established, insofar as concerns this proceeding, read as follows: " Part 24 — The Public Health Nursing Service. Grade 1 — Public Health Nurse — to but not including $2400. Grade 2 — Supervising Public Health Nurse — $2400 to but not including $3000 per annum."

On March 19, 1941, the Municipal Commission adopted another resolution (hereinafter referred to as the " 1941 resolution "), amending the classification of Part 24, The Public Health Nursing Service, as follows: " Public Health Nurse, Grade 1 — to but not including $2100 per annum. Public Health Nurse, Grade 2 — $2100 to but not including $2400 per annum. Superv Public Health Nurse — $2100 to but not including $2700 per annum."

This resolution was ratified by the Mayor on April 3, 1941, and then forwarded to the State Commission for approval. It appeared on the latter's calendar for hearing on September 24, 1941. Upon said hearing the then President of the Municipal Commission announced that said resolution did not require the approval of the State Commission and requested that the proposed resolution be returned to the Municipal Commission. Thus, up to the time of the hearing of this motion, the State Commission had not approved the aforesaid resolution.

In the meantime, on April 15, 1941, the Board of Estimate of the City of New York, purporting to act under sections 67 and 68 of the New York City Charter, changed the salary limits within the title of Public Health Nurse to conform to the resolution of March 19, 1941.

Since March, 1941, the Municipal Commission has recorded petitioners as being graded and classified under the 1941 resolution. In addition, the budget of the city of New York has failed to provide for increments under section B40-6.0 of the Administrative Code of the City of New York (McCarthy Increment Law*), to which some of the petitioners would otherwise be entitled under their original classification.

This proceeding is brought under article 78 of the Civil Practice Act to direct the Municipal Commission to treat petitioners in all respects as being in the grade and rank specified in the 1937 classification; to declare the resolution of March 19, 1941, as ineffective and void; to direct the payment of increments to those petitioners entitled to the same under the 1937 classification; and, finally, to declare that the salaries of those petitioners now received at the rate of $2,399.99 per annum, as a result of mandatory increments, are not subject to reduction because of the 1941 resolution.

There are no disputed questions of fact before this court. The parties have stipulated that if the court should decide that the 1937 resolution is still in force, they will, before settlement of the order to be entered hereon, agree upon a formula for present salaries and will be guided by the official city records in the determination of such matters.

The contention of the respondents is that the resolution of 1941 was merely budgetary in character and requires no approval of the State Commission; that the Attorney-General of the State of New York on December 16, 1940, advised the State Department of Civil Service that a resolution adopted by the Municipal Commission modifying a maximum salary in a salary grade of a municipal employee does not require the approval of the State Commission; and, finally, that under sections 67 and 68 of the New York City Charter the Board of Estimate has full power to fix the salary of municipal employees and to create, abolish or modify positions and grades of persons paid from the city treasury.

---

* Requiring, in general effect, for each competitive civil service employee in a grade or rank, the minimum annual salary of which is $1,801 per annum or less, annual mandatory increases of $120 each until the maximum salary of the grade or rank shall have been reached.—[REP.

Petitioners base their claim of the invalidity of the 1941 resolution upon the failure to comply with the conditions of approval provided for in section 11 of the Civil Service Law. After giving to local civil service commissions the power to prescribe, amend and enforce rules for the classification of the offices, places and employments in the classified service of a city, subdivision 2 of section 11 provides: " Such rules so prescribed and established, and all regulations for the appointment and promotion in the civil service of said cities *and any subsequent. modification thereof,* whether prescribed under the authority of a general law or of any special or local law, shall be valid and take effect only after a public hearing * * * and upon the approval of the mayor * * * and of the state civil service commission." (Italics supplied.)

The precise question as to whether a proposed change similar to the one attempted here in 1941 is a modification of a rule requiring adherence to the procedure set forth in section 11 of the Civil Service Law has never been squarely presented to the courts of our State. The only case which is factually similar to the one at bar is *Matter of Beverly* v. *City of New York* (284 N. Y. 773). However, it appears there that although proceedings for the approval of a regrading resolution by the State Commission had not been completed, the decision did not hinge upon the question of the necessity for such approval. Counsel in that case did not advance any such argument, and the final determination was made solely upon the interpretation of the McCarthy Increment Law.

It is my opinion, on the law, that the resolution adopted by the Municipal Commission on March 19, 1941, and approved by the Mayor on April 3, 1941, is of no force and effect since it constituted an attempt to modify an existing grading resolution without the approval of the State Commission required by section 11 of the Civil Service Law.

The original classification of the petitioners by a rule of the Municipal Commission had the force and effect of law. (Civil Service Law, § 6, subd. 1; *Matter of Petrocelli* v. *McGoldrick,* 288 N. Y. 25.) The Municipal Civil Service Commission Rules (rule 1, subd. 13) define a " grade " as denoting " the order or standing of a Position with reference to the compensation attaching to it." In *Matter of Beggs* v. *Kern* (284 N. Y. 504, 513) the court said: " When the position is graded the rank, functions and grade of the position of the incumbent are fixed and change is subject thereafter to the provisions of the Civil Service Law." Grading is essentially a civil service function. That function

is not vested solely in local civil service commissions. The State has provided that the rules of local civil service commissions, and modifications thereof, will be ineffectual without confirmation by the State Commission. This requirement is basic and substantial. The mere assertion that an important modification of grading and classification in the civil service is a budgetary regulation does not serve to alter the true character of the proposed amendment. The significance of grading is apparent upon examination of section 16 of the Civil Service Law, which provides that an increase in salary " beyond the limit fixed for the grade in which such office or position is classified, shall be deemed a promotion." The language of section 16 of the Civil Service Law demonstrates that grading is a species of classification. From the conclusion that a modification of grading is a civil service function, it follows that execution of the function is not within the province of the powers of the Board of Estimate. Section 67 of the New York City Charter provides: " The power is vested in, and it shall be the duty of the board of estimate, except as otherwise provided in this charter or by statute, to fix the salary of every officer or person whose compensation is paid from the city treasury, other than day laborers." Section 68 of the Charter reads: " The board of estimate may at any time, *subject to the provisions of this charter and of the civil service law* and except as otherwise provided by statute, create, abolish or modify positions and grades of persons paid from the city treasury." (Italics supplied.)

It is urged here by respondents that the power to modify salary limits is one which lies exclusively with the Board of Estimate under sections 67 and 68 of the Charter; therefore, to effectuate the change of grading proposed by the 1941 resolution, no further action by the Municipal Commission or the Mayor was necessary after the Board of Estimate passed its resolution on May 15, 1941, establishing two grades in the title of Public Health Nurse where one existed before.

However, section 68 of the Charter expressly makes the power of the Board of Estimate subject to the provisions of the Civil Service Law. Consequently, where section 11 of the Civil Service Law delineates the process by which modification of a grade or classification may be accomplished, no action by the Board of Estimate may violate the statutory mandate. The facts are that the 1941 resolution was passed by the Municipal Commission, that it was sent to the Mayor for approval and then forwarded to the State Commission for action. Although not in any way conclusive, this series of moves on the part of the

Municipal Commission indicates an awareness of the applicability of section 11 of the Civil Service Law to the resolution in question. The record is silent as to the reasons for the abrupt withdrawal of the 1941 resolution from consideration by the State Commission and the equally sudden decision that approval by the State body was unnecessary. Certainly, the opinion of the Attorney-General, dated December 16, 1940, to the effect that no approval of a resolution of the Municipal Commission modifying a maximum salary in a salary grade of a municipal employee need be obtained from the State Commission, could not have been the basis for the withdrawal of the resolution on September 24, 1941. The decision of the Attorney-General must have been brought to the attention of the Municipal Commission before the passage of the resolution on March 19, 1941. Furthermore, the opinion of the Attorney-General does not seem apposite here. The resolution of 1941 does not merely modify a maximum salary in a salary grade, but involves a change of grade as well. It seems to this court that an attempt has been made here to circumvent the mandatory provisions of the Civil Service Law in order to avoid the operation of section B40-6.0 of the Administrative Code (McCarthy Increment Law). Both the spirit and letter of the Civil Service Law were violated by such action.

Having concluded that the grading of Public Health Nurse as adopted on June 3, 1937, is now in full force and effect, and that the resolution of 1941 is invalid, the remaining question is one of the applicability of section B40-6.0 of the Administrative Code. When the McCarthy Increment Law went into effect on July 1, 1937, the petitioners had not been in the graded service for a period of one year. They therefore did not become entitled to an increment until June 3, 1938, one year after their transfer into the graded service. For convenience, however, petitioners have for all persons in the service as Public Health Nurses on June 3, 1937, taken July 1, 1937, as their anniversary date for increment purposes. Thus on July 1, 1938, they became entitled to the first increment to the salary that they were earning on June 30, 1938. All of them, therefore, on July 1, 1941, became entitled to a fourth increment, or $480 over the salary paid them June 30, 1938. Subject to the provisions of the stipulation of counsel as to agreement on salaries as disclosed by the official records, the motion is in all respects granted. Each of the petitioners is entitled to receive the increment provided for in the McCarthy Increment Law. (Administrative Code, § B40-6.0.)

Settle order accordingly on notice.