Edgar J. Nathan, Jr., J.
By this proceeding pursuant to article 78 of the Civil Practice Act, petitioners seek to annul a resolution of the City Civil Service Commission of the City of New York which changed the classification of the position of climber and pruner within the competitive class, hy removing it from the prevailing wage category in Part 38 thereof, and placing it in salary grade 7, with a salary grade range of $3,750 minimum to $4,830 maximum annual compensation, effective July 1,1954.
On July 9, 1954, the Board of Estimate adopted a Career and Salary Plan which established a 1 ‘ general pay plan ’ ’ for employees of the City of New York. However, section IV, subdivision la of the plan excluded from its operation “ Positions paid at the prevailing rate as defined in Sec. 220 of the New York State Labor Law In establishing the Career and Salary *351 Plan it was further provided in section XII, subdivision 11 ‘ The salary of any position which is subject to the provisions of this resolution shall not be reduced for the then permanent incumbent by reason of such provisions, nor shall the rights or status of such incumbent be in any way impaired or adversely affected by reason of the provisions of this resolution”. By section VI annual salary increments under the plan accrued on July 1, 1954.
To effectuate the purposes of the Career and Salary Plan, the Board of Estimate adopted a resolution on December 28, 1956, which fixed the annual compensation of climber and pruner at $3,750 minimum and $4,830 maximum effective as of July 1, 1954. Thereafter, on March 15, 1957, the City Civil Service Commission reclassified the position out of Part 38 and into salary grade 7 of the Career and Salary Plan retroactively to July 1, 1954. That resolution was then approved by the Mayor and subsequently by the State Civil Service Commission on April 3, 1957.
The last determination of prevailing rates by the comptroller fixed the rate at $1.88 per hour up to and including December 18,1953, a rate which exceeded the minimum compensation fixed in the resolution. Since that date petitioners have filed verified complaints praying for determination of the applicable prevailing rate of wages for their work. No determinations have been made for the ensuing period of time although petitioners remained classified by the City Civil Service Commission in Part 38 of the competitive class under which classification petitioners were entitled to be paid at the prevailing rate of wages as determined by law. According to the petition the prevailing rate of wages exceeded the salary limits fixed in the reclassification resolution of March 15, 1957.
Petitioners assert that the resolution is invalid on the ground that it makes the change in classification effective retroactively as of July 1, 1954, whereas under the Civil Service Law the resolution could only take effect upon its approval by the State Civil Service Commission.
Subdivision 2 of section 11 of the Civil Service Law provides that the rules of municipal civil service commissions, and modifications thereof 11 shall be valid and take effect only after a public hearing * * * and upon the approval of the mayor * * * of the city and of the state civil service commission. ”
The reclassification resolution of the City Civil Service Commission was not approved by the State Civil Service Commission until April 3, 1957. Clearly, therefore, the change in classification of the position of climber and pruner only became *352 effective on that date. It could not be made effective retroactively by virtue of a provision in the resolution making it effective as of July 1, 1954. The statute provides that the modification of civil service rules shall be valid and take effect “ only after ” and not before it receives the approval of the State Civil Service Commission. Accordingly, despite the retroactive provision of the City Civil Service resolution of March 15, 1957, which attempted to make the change of classification effective as of July 1, 1954, the resolution under subdivision 2 of section 11 of the Civil Service Law only took effect on April 3, 1957. (Matter of Corrigan v. Joseph, 304 N. Y. 172, motion to reargue denied 304 N. Y. 759; Matter of Burri v. Kern, 180 Misc. 74, affd. 266 App. Div. 841, affd. 291 N. Y. 776.)
The petitioners also contend that the resolution illegally demotes them by reducing’ the compensation they were entitled to receive under section 220 of the Labor Law for the work they performed up to April 3, 1957, the date the reclassification resolution was approved.
Until that date, the commission itself had classified the petitioners in Part 38 of the competitive class. That classification provided that 11 The compensation of the grades of positions in this part is fixed at the prevailing rate of wages for each of them as determined by law.” While this classification remained in effect petitioners were entitled to be paid at the prevailing rate of wages for the services they rendered, and their right to such wages could not be diminished by a subsequent and retroactive reclassification of their position to a non-prevailing wage category. Consequently, petitioners are entitled to comepl the comptroller to investigate the petitioners’ complaints and to discharge his duty by making a determination of the prevailing rate of wages applicable under the Part 38 classification (Matter of Don v. Joseph, 1 N Y 2d 708).
It is not the compensation actually paid, but the possible greater amount, if any, to which petitioners may be entitled under the Labor Law, that constituted the salary due them on April 3, 1957, the date their position was regraded (Mark v. Board of Higher Educ., 303 N. Y. 154). Clearly, as long as the petitioners performed their duties while their position remained classified in the prevailing rate category of Part 38, they were entitled to receive the statutory compensation for their work (Matter of Don v. Joseph, supra) and the Civil Service Commission could not by way of a purported retroactive change of classification deprive them of that compensation (Matter of Shepard v. Oakley, 181 N. Y. 339, 343; McCann v. City of New York, 52 App. Div. 358, affd. 166 N. Y. 587).
*353 Respondents claim that the Career and Salary Plan resolution of July 9, 1954 provided for subsequent allocations of particular positions to specific salary grades effective as of July 1, 1954. But that resolution expressly excepted from its provisions “ Positions paid at the prevailing- rate as defined in section 220 of the Labor Law.” At least, until December 28, 1956, when the Board of Estimate fixed the salary grade of climber and pruner effective as of July 1, 1954, that position was excluded from the operation of the “ Plan ”. But even if the position was placed in the Career and Salary Plan on December 28, 1956, that Plan could not allocate the position to a salary grade effective as of July 1,1954, since the petitioners remained classified and were required to be paid on a prevailing rate basis until April 3, 1957. A change in grade does not take effect until it is approved by the State Civil Service Commission and it cannot operate to reduce the compensation earned and due petitioners before the reclassification was established (Matter of Don v. Joseph, supra; Matter of Corrigan v. Joseph, supra; McCann v. City of New York, supra).
Respondents also raise the point that the resolutions of the Board of Estimate and the Civil Service Commission grant retroactive wage increases which the city undertook to pay when it gave notice to petitioners that the proposed reclassification would be made effective as of July 1, 1954. However, the petition alleges that the prevailing rate of wages due them between July 1, 1954 and April 3, 1957, was greater in amount than the salary fixed in the reclassification resolution approved on the latter date. Under these circumstances a determination of the prevailing rates by the comptroller is a requisite to a proper determination of whether the regrading constituted an illegal attempt to deprive petitioners of accrued wages due them under section 220 of the Labor Law under their classification in Part 38.
If the retroactive provision of the resolution as to salary was invalid because it illegally took away petitioners’ rights to earned compensation, the reclassification is void. Since the retroactive salary provision formed the basis of the reclassification resolution and constitutes an integral part thereof, the effectiveness of the reclassification depends on the validity of the salary limitation. Should the salary fixation be found ineffectual, then the regrading resolution will fall and there would be no valid classification of the position of climber and pruner as there would be no salary fixed for the grade (Matter of Corrigan v. Joseph, supra).
*354 In considering the contentions of the parties the court has not passed upon the question as to whether the resolution was adopted as a subterfuge to avoid the provisions of the Labor Law with respect to the coverage of laborers and mechanics employed on public works under section 220 of that law. That issue may best be determined when the court has before it the comptroller’s adjudication of the prevailing rate of wages.
As the power to grade employees is not vested in the Board of Estimate but solely in the City Civil Service Commission, and neither the board nor the comptroller took part in the adoption and approval of the reclassification of the position of climber and pruner by the City and State Civil Service Commissions, they are not necessary or proper parties to this proceeding to set aside the resolution of the City Civil Service Commission (Matter of Burri v. Kern, supra).
Until the comptroller determines the prevailing rates of wages for the position of climber and pruner up to April 3, 1957, the disposition of this motion must be held in abeyance.
Settle order.