In the Matter of JAMES JOYCE et al., Appellants, v JUAN U. ORTIZ, as Personnel Director of the City of New York, et al., Respondents.

First Department, April 11, 1985

APPEARANCES OF COUNSEL

*Murray A. Gordon* of counsel (*Gordon, Shechtman & Gordon, P. C.,* attorneys), for appellants.

*Joan E. Handler* of counsel (*Francis F. Caputo* with her on the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for respondents.

### OPINION OF THE COURT

MILONAS, J.

At the time of the commencement of this CPLR article 78 proceeding, petitioners all held the title of Deputy Chief of the New York City Fire Department, a position which was in the direct line of promotion and immediately subordinate to that of Chief of the Department, the highest classified civil service title in the Fire Department. The duties of the Chief of the Department included responsibility for the efficient management of the uniformed force; administration and supervision of the Bureaus of Fire Prevention, Operations, Fire Communications and their subsidiary divisions; advising the Fire Commissioner, a civilian appointee of the Mayor; and participating in the planning and implementation of departmental policy. The Chief of the Department was chosen by means of a competitive examination for which only persons in the position of Deputy Chief were qualified to sit, and thereafter the selection was made from among those three Deputy Chiefs scoring highest upon the eligible list compiled as a result of the examination.

Although the title of Chief of the Department has always belonged in the competitive civil service class, no test has been

conducted and no eligible list established since 1978 when the last permanent civil service officeholder retired from that post. Instead, the position has been filled by successive provisional appointments, one for a period of nearly three years and the next for about two and one-half years to April of 1983, the date of the institution of this proceeding. These provisional designations were made notwithstanding the existence of Civil Service Law § 65, which limits provisional appointments to nine months, requires that an examination be scheduled within one month of a provisional appointment and prohibits successive provisional appointments. Petitioners made various requests that a competitive promotional examination for Chief of the Department be slated, but respondents claimed that such an examination was unwarranted because they were actively reviewing the desirability of retaining the Chief of the Department title.

Petitioners commenced the instant proceeding on April 26, 1983, seeking to declare respondents' actions arbitrary and unlawful, to mandate a test for Chief of the Department and an eligibles list based thereon and to enjoin appointments to that position except from such list. Issue was joined on June 17, 1983. According to respondents, the Personnel Director of the New York City Department of Personnel had, on June 15, 1983, adopted Resolution 83-30, which eliminated the position of Chief of the Department by combining that title and the Deputy Chief title into the new title Deputy Chief (Fire). Under this reclassification, those Deputy Chiefs who took and passed an appropriate examination, scheduled within the next six months, would be eligible for the new position and to be detailed as Chief of the Department, together with an increase in salary. Those who did not take, or who failed the examination, would retain the title of Deputy Chief and remain eligible for lesser assignments. The purpose for this organizational change was, respondents asserted, that the post of Chief of the Fire Department required, in addition to an over-all knowledge of key bureaus and divisions within the Department, certain managerial skills, such as leadership, independence and discretion, which are not readily measurable by means of a civil service examination. Respondents did not contend that the prior provisional appointments as Chief of the Department had been proper; rather, they argued that the petition had been rendered moot by the resolution.

Following further studies by the Department of Personnel, the Director of Personnel promulgated Resolution 83-50, dated November 2, 1983, superseding Resolution 83-30. Pursuant to this new resolution, all present Deputy Chiefs were automatically reclassified to the new civil service title Deputy Chief (Fire)

without the necessity of another examination. The statutory powers and duties of the office of the Chief of the Fire Department would now be exercised by a permanent incumbent in the competitive civil service title of Deputy Chief (Fire) instead of the former title of Chief of the Department. In that connection, petitioners note that respondents' claim that a reclassification test is not mandated is belied by the fact that less than 25% of the Deputy Chiefs who sat for the last Chief of the Department examination successfully qualified for promotion.

When the matter came before Special Term, the court granted the motion to dismiss the petition as moot on the ground that the relief being requested was "to direct respondents to administer a competitive examination for the title of 'Chief of Department' which has ceased to exist." The court concluded that the abolition of the position of Chief of the Department, by consolidating that title with the title of Deputy Chief to form the reclassified title of Deputy Chief (Fire), was a "lawfully accomplished" exercise of "managerial discretion by respondent Personnel Director". The reclassification at issue, the court determined, did not offend the relevant provisions of the New York State Constitution or the Administrative Code of the City of New York, and petitioners, moreover, had not demonstrated bad faith on the part of respondents or an adverse impact upon themselves.

However, it is undisputed that between 1978 and 1983, the year of the resolutions, the position of Chief of the Department has been continuously filled by provisional designations and that no competitive competition for the post has been administered during that time. Respondents also do not deny that they were in violation of Civil Service Law § 65, which provides that provisional appointments not be in excess of nine months, proscribes successive provisional appointments and mandates that a civil service examination be ordered for any position held by provisional appointment for a period of one month. Respondents maintain that the reason for the provisional appointments was that they were contemplating a reclassification of the position of Chief of the Department. Yet, consideration of this change continued for many years without any notable result until petitioners instituted an article 78 proceeding. Only then were first Resolution 83-30 and then Resolution 83-50 forthcoming. Petitioners allege that the purported attempt to abolish the position of Chief of the Department simply represents a transparent effort by respondents, when confronted with the lawsuit against them, to persist in their unlawful practice.

■ Regardless of whether or not Resolutions 83-30 and 83-50 were adopted with the specific intention of circumventing the

clear statutory mandates, the fact remains that as the court stated in *Matter of Hannon v Bartlett* (63 AD2d 810, 812): "Provisional appointments allowed by section 65 of the Civil Service Law under certain circumstances for a limited period of time are merely 'stop-gap' measures", and the requirements that "an examination be ordered for any position held by provisional appointment for a period of one month and that the examination be held as soon as practicable in order to prevent the provisional appointment from continuing for a period in excess of nine months are mandatory and must be complied with. The agency has no discretion to determine whether an examination will be ordered and conducted." Thus, even if respondents were, as they insist, genuinely reevaluating the organizational structure within the Fire Department, and not simply endeavoring to evade the Civil Service Law, they were still not authorized to suspend their compliance with the dictates of the statute.

New York Constitution, article V, § 6, provides that appointments and promotions in the civil service be made according to merit and fitness based upon competitive examination. New York City Administrative Code § 487a-9.0 requires that promotions within the Fire Department be the result of "seniority, meritorious service in the department and superior capacity as shown by competitive examination." The movement of a Fire Department employee to the post of Chief of the Department is obviously a promotion, since it is evident that the latter position involves not only an increase in salary but a significant advance in professional responsibility and prestige. (*Matter of Williams v Morton,* 297 NY 328; *see also,* Civil Service Law § 52 [9].) Resolution 83-50, however, would eliminate the need for a competitive examination to effect the envisioned promotion. Rather, it would bestow upon the Fire Commissioner the power to elevate any person having the title of Deputy Chief (Fire) to the position of Chief of the Department detail for as long as the Commissioner deems appropriate and without that individual gaining any tenure in the new post. Respondents would have thereby transformed a permanent civil service position into provisional employment, enabling the Fire Commissioner to do legitimately that which the law has heretofore precluded.

Respondents may not circumvent the legal imperatives merely by endeavoring to abolish a title and designate an employee in a subordinate position to perform its former duties. "The constitutional mandate that appointments to civil service positions be based on merit and fitness * * * where 'practicable,' may not be blinked or avoided. A civil servant may not, therefore, be appointed without the required examination to a higher

position than his license or title calls for simply upon the basis of his satisfactory performance during temporary or 'out-of-title' service in such higher position." (*Matter of Board of Educ. v Nyquist,* 31 NY2d 468, 472.) If there is a problem with the competitive process in selecting the most able people for a post, "the solution lies, not in the unconstitutional attempt of the Commissioner to bypass the requirements of constitutionally mandated examinations, but in examination procedures which will provide a true test of a candidate's ability and probable performance in the position for which he is being examined." (*Matter of Board of Educ. v Nyquist, supra,* p 475.) Although respondents allege that the resolutions in question involved a valid reclassification rendering unnecessary the administration of a competitive examination, the reality here is that the "reclassification is not truly a reclassification except in name." (*Matter of Weber v Lang,* 13 AD2d 345, 347, *affd* 11 NY2d 997.)

A reclassification of a title is lawful where it conforms the civil service structure to the situation which actually existed in the operation of the agency prior to the reclassification, and assignments made accordingly do not constitute a promotion within the meaning of the Constitution and the Civil Service Law. (*Matter of Mandle v Brown,* 5 NY2d 51.) On the other hand, a reclassification which, as in the matter before us, confers enhanced responsibility, is a promotion which is barred in the absence of a competitive examination. (*Matter of Weber v Lang, supra.*) Indeed, the unique duties placed upon the Chief of the Department, as well as the significance of that position, are indicated by the fact that it is the only post in the Fire Department which is expressly provided for by statute. (NY City Charter § 494; Administrative Code of City of New York § 487a-20.0.) In enacting, respectively, New York City Charter § 494 and Administrative Code § 487a-20.0, the State Legislature and the City Council have explicitly limited the Fire Commissioner's discretion in the selection of the Chief of the Department. Yet, respondents purport to have the right, without legislative approval, to eliminate the Chief of the Department as a separate and independent entity and invest the Fire Commissioner, a mayoral appointee, with the power to designate and remove the Chief of the Department at will. To the extent that the resolutions at issue herein represent an encroachment upon legislative authority, the law is clear that if an office is created by statute or ordinance, it can only be abolished by statute or ordinance and not by resolution. (*Matter of Gallagher v Regan,* 42 NY2d 230; *see also, Matter of Henry v Noto,* 50 NY2d 816.)

■ In effect, respondents' actions have resulted in a reclassification of the title of Chief of the Department from the competitive to the noncompetitive, or exempt, class. While the position of Deputy Chief (Fire) will remain a tenured, competitive civil service title, appointment to the Chief of the Department detail will be made from among the Deputy Chief (Fire) incumbents solely by designation of the Fire Commissioner and will serve at his pleasure. These are characteristics of a noncompetitive or exempt position. (Civil Service Law §§ 41-42, 50, 75.) However, reclassification of a position from the competitive to the noncompetitive or exempt class can only be accomplished by the manner set forth in Civil Service Law § 20. (*See also,* NY City Charter § 1105.) Respondents failed to comply with the procedural prescriptions outlined in the Civil Service Law and the New York City Charter. No notice, no hearings, and no review or approval by the State Civil Service Commission either preceded or followed the promulgation of the resolutions. In that connection, resolutions purporting to reclassify titles are invalid where they are not adopted in accordance with the statutory requirements. (*See, Matter of Burri v Kern,* 180 Misc 74, *affd sub nom. Matter of Burri v City of New York,* 266 App Div 841, *affd* 291 NY 776; *Matter of Corrigan v Joseph,* 304 NY 172, *rearg denied* 304 NY 759, *cert denied sub nom. Remelius v Joseph,* 345 US 924.) Moreover, there is no merit to respondents' contention that New York City Charter § 1105 (g), in conjunction with Civil Service Law § 20 (1), exempted them from the procedural mandates contained in Civil Service Law § 20.

Consequently, the judgment (denominated an order) of the Supreme Court, New York County (William P. McCooe, J.), entered on March 16, 1984, which dismissed the petition pursuant to CPLR article 78 seeking declaratory and other relief, should be reversed, on the law, and the petition granted, without costs or disbursements.

KUPFERMAN, J. P., SANDLER and FEIN, JJ., concur.

Judgment (denominated an order), Supreme Court, New York County, entered on March 16, 1984, unanimously reversed, on the law, and the petition granted, without costs and without disbursements.