In the Matter of JAMES JOYCE et al., Respondents, v JUAN U. ORTIZ, as Personnel Director of the City of New York, et al., Appellants.

First Department, March 18, 1986

---

## APPEARANCES OF COUNSEL

*Joan E. Handler* of counsel *(Francis F. Caputo* with her on

the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for appellants.

*Kenneth E. Gordon* of counsel *(David B. Feldman* with him on the brief; *Gordon & Gordon, P. C.,* attorneys), for respondents.

## OPINION OF THE COURT

Per Curiam.

This CPLR article 78 proceeding is before us once again because the municipal respondents have blatantly evaded compliance with the explicit mandate of this court's prior decision on the matter. (108 AD2d 158, opn by Milonas, J.)

It is undisputed that the competitive class civil service position of "Chief of the Department" in the New York City Fire Department has been filled by provisional employees since 1978 and that no test has been conducted and no eligible list established since that date. As noted in our earlier decision granting the article 78 relief sought by petitioners, who are Deputy Chiefs of the Fire Department, this practice is in violation of Civil Service Law § 65 and is palpably unlawful.

On the prior application, respondents attempted to justify their failure to comply with the applicable provisions of the Civil Service Law by claiming that they were actively reviewing the desirability of retaining the Chief of the Department title. It was noted in the decision, however, that respondents had failed to take any steps in that direction for 5½ years, during which time the post was illegally staffed by provisional appointees, and that it was only after the commencement of the instant proceeding, in 1983, that the Personnel Director of the City of New York adopted a resolution purporting to abolish that position. The court's opinion delineated the law governing the elimination or reclassification of the civil service title in issue. A specific finding was made that the position of Chief of the Fire Department is "expressly provided for by statute" (NY City Charter § 494; Administrative Code of City of New York § 487a-20.0) and that "the law is clear that if an office is created by statute or ordinance, it can only be abolished by statute or ordinance and not by resolution" (108 AD2d, at p 163).

The unequivocal import of this court's previous decision was that the position of Chief of the Fire Department could not be eliminated in the manner attempted and that the city respondents were required to administer a test for this competitive

civil service position. Following entry of our order on April 11, 1985, Justice McCooe at Special Term issued an order and judgment, entered July 18, 1985, which directed the city respondents to "prepare, formulate, administer, and rate a competitive provisional civil service examination * * * as soon as practicable, but in no event more than sixty days" from that date.

In flagrant disregard of this court's decision, the city took no steps to begin formulating an examination and, instead, proceeded with various further steps designed to effectuate the resolution purporting to reclassify, and thereby eliminate, the Chief of the Department title. All of those steps were taken several months after this court had issued its decision holding that resolution to be without vitality and expressly directing that an examination be prepared and held for that title. Such action on the part of the municipal respondents displays a contumacious disrespect for the judicial process. They may be reminded that our system of government requires that even the power of the executive be administered according to the rule of law.

Similarly egregious was their further disregard of the order and judgment of Special Term which, three months thereafter, set a specific deadline for the giving of the test. Instead of complying with that judicial directive, which was designed to implement the decision of this court, the respondents made the instant motion seeking a stay, or in the alternative, a six-month extension of the time within which to give the test. The motion for a stay was denied, but a limited extension, until December 11, 1985 was granted. Ironically, by the time Special Term's order was entered, six months had already elapsed from the date of our initial order. During this period, the respondents could have, and should have, formulated the test. The instant appeal, of course, has served to further delay the formulation and holding of the requisite test.

It would appear that the various procedural maneuverings by the respondents in the court below, culminating in this appeal, have been but a calculated attempt "to buy time" in order to complete the resolution process and present the courts with a *fait accompli.* Indeed, the city contends on this appeal that the need for the test has been obviated since it has now complied with the requisite procedures for reclassification set forth in Civil Service Law §§ 20 and 42, disingenuously asserting that this court's prior decision was merely grounded on the city's previous failure to follow those pre-

scribed procedures. Wholly ignored is the express holding that the Fire Department position of Chief of the Department was one that was placed in the competitive class by statute and, cannot be eliminated from that class except by statute. Also cavalierly disregarded is the fact that the entire reclassification process was pursued by way of contemptuous disobedience of this court's clear and unequivocal determination that a test was required for the position in question.

When a municipal or governmental body appears before the courts, it must abide by the same rules as do all other litigants, and, as a repository of the public's trust, it should, perhaps, be expected to comport itself consistent with the highest ethical standards. In this proceeding, the city's conduct has not only fallen far short of minimum standards of propriety, but has demonstrated an arrogant disrespect of basic legal processes which must be deplored and a repetition of which will not be countenanced.

Accordingly, the municipal respondents are directed to comply in all respects with the terms and conditions of the order of Mr. Justice McCooe, dated July 18, 1985, which shall be modified only to the extent of directing that respondents administer the test for the Fire Department position of "Chief of the Department" no later than 60 days from the date of this order, that respondents complete the marking of that examination no later than 60 days after it has been administered and that they release the results of the examination within 30 days thereafter.

Accordingly, the order of the Supreme Court, New York County (William McCooe, J.), entered August 30, 1985, which modified a prior order and judgment of that court requiring the municipal respondents to prepare and conduct a competitive civil service examination for the Fire Department title of Chief of the Department within 60 days, to require respondents to conduct such examination "in no event later than December 11, 1985", shall be modified, on the law and the facts and in the exercise of discretion, to require respondents to conduct said examination within 60 days of this order, to complete the marking of that examination no later than 60 days after it has been held and to release the results of said examination within 30 days thereafter, and otherwise affirmed, with costs.

MURPHY, P. J., ASCH, KASSAL, ROSENBERGER and ELLERIN, JJ., concur.

74

Order, Supreme Court, New York County, entered on August 30, 1985, unanimously modified, on the law, and the facts, and in the exercise of discretion, to require respondents-appellants to conduct said examination within 60 days of this order, to complete the marking of that examination no later than 60 days after it has been held and to release the results of said examination within 30 days thereafter, and otherwise affirmed. Respondents-appellants shall recover of petitioners-respondents $75 costs and disbursements of this appeal.