Formal Opinion No. 98-F3 Hon. George C. Sinnott Commissioner Department of Civil Service State Campus Albany, N Y 12239
Dear Commissioner Sinnott:
Your counsel has requested an opinion concerning Civil Service Law §20(2) as it applies to rules established by the New York City Department of Citywide Administrative Services ("City Department"). Your counsel has advised us that the City Department has forwarded to the State Civil Service Commission ("Commission") several resolutions containing modifications to the City Personnel Director's rules for the jurisdictional classification of positions in the classified civil service of the City of New York. He has advised us that these modifications reclassify numerous positions and add significant numbers of new titles not previously included in the rules. Your counsel states that the City Department has asserted that no public hearing regarding these rule changes is required under Civil Service Law § 20(2) and also contends that the Commission has no authority to disapprove the proposed changes and must simply note them in its records. The City Department asserts that section 20(2) does not apply because the rule changes are necessary to conform the rules to the mandate of the New York City Council.
You have asked whether, under the State Civil Service Law, this action by the City Department, which modifies the local rules by establishing new titles and reclassifying existing titles, is subject to notice and hearing requirements and review and approval by the Commission. You also ask whether the modifications at issue, which were enacted to comply with the mandate of the New York City Council, fall within the statutory provision exempting modifications required by statute from the notice and hearing requirements.
Civil Service Law § 20(1) authorizes municipal civil service commissions to "prescribe, amend and enforce" rules to give effect to the provisions of the Constitution and the Civil Service Law, including, among other things, rules for the jurisdictional classification of the offices of the municipal civil service. Subsection 20(2) establishes the procedure for the adoption of such rules by local commissions. It provides that:
 Such rules, and any modifications thereof, shall be adopted only after a public hearing, notice of which has been published for not less than three days, setting forth either a summary of the subject matter of the proposed rules or modifications or a statement of the purpose thereof. . . . Notwithstanding the provisions of this subdivision, however, notice and public hearing shall not be required upon the adoption or modification of a rule which is required by reason of a change in any statute in order to conform the rule to such statute.
The subsection also provides that:
 The rules and any modifications thereof adopted by a city civil service commission or city personnel officer shall be valid and take effect only upon approval of the mayor . . . and the state civil service commission. . . . Any such rule or modification thereof shall be filed with the secretary of state within thirty days after final approval thereof by the state civil service commission. Such rules shall have the force and effect of law when filed with the secretary of state. Id., § 20(2).
We note that courts have required strict compliance with section 20(2). InMatter of Joyce v. Ortiz, 108 A.D.2d 158 (1st Dept 1985), modified onother grounds, 116 A.D.2d 70 (1st Dept 1986), the court reviewed several resolutions of the New York City Department of Personnel affecting the titles of fire department chief and deputy chief. Among other things, the resolutions reclassified the positions. The court held the reclassification invalid for several reasons and also found that:
 reclassification of a position from the competitive to the noncompetitive or exempt class can only be accomplished by the manner set forth in Civil Service Law § 20. . . . Respondents failed to comply with the procedural prescriptions outlined in the Civil Service Law and the New York City Charter. No notice, no hearings, and no review or approval by the State Civil Service Commission either preceded or followed the promulgation of the resolutions. In that connection, resolutions purporting to reclassify titles are invalid where they are not adopted in accordance with the statutory requirements. Joyce, 108 A.D.2d at 164. (Citations omitted.)
In Matter of Corrigan v. Joseph, 304 N.Y. 172 (1952), the Court recognized that Civil Service Law (1909) § 11, the predecessor to section 20, required approval by the State Civil Service Commission as a prerequisite to the validity of local rules. The Court therefore held invalid certain resolutions of the New York City Municipal Civil Service Commission that purported to establish grades for particular positions, because no wage schedule had been created or approved by the State Civil Service Commission. See also, Matter of Burri v. Kern, 180 Misc. 74 (Sup Ct N Y Co), affd, 266 A.D.2d 841 (1st Dept 1943), affd, 291NY776 (1944), in which the court held that a resolution of the New York City Municipal Civil Service Commission that was intended to modify an existing grading resolution was invalid because the enactors did not obtain approval of the State Civil Service Commission in compliance with Civil Service Law § 11.
In our view, by the plain language of the statute, the rule changes at issue here are subject to the approval requirements of section 20(2). The changes cannot take effect without the approval of the State Civil Service Commission.
As to the notice and hearing requirements of section 20(2), you state that the changes are mandated by the New York City Council. By its terms, section 20(2) imposes notice and hearing requirements for adoption and modification of all rules other than those mandated by "statute". At issue is whether the exception from the notice and hearing requirements for changes mandated by statute applies to local as well as State enactments.
The Commission recommended enactment of the public hearing and filing requirements to cause local commissions to give thoughtful consideration to amendments of their rules and to foster greater interest in and understanding of the rules by the public. Memorandum from Commission to Governor Lehman, Bill Jacket, L1941 ch933. The Civil Service Association and the Civil Service Forum submitted letters in support of the legislation, stating that it would prevent local commissions from making many changes to their rules on very short notice, which often left employees uncertain as to what rules governed their employment. April 12, 1941 and April 14, 1941 letters to Governor Lehman, Bill Jacket, L1941 ch933.
The provision exempting rule changes made "by reason of a change in any statute" from the notice and hearing requirements was added in 1958 when the Civil Service Law was recodified. L1958, ch790. While the added language does not expressly limit itself to State enactments, in our view, the provision is best given effect by reading "statute" as a reference to a State law, rather than a local enactment.
There is a sound constitutional basis for this interpretation. The provisions of subsection20(2) give effect to Article V, section 6 of the New York State Constitution, which provides that:
 Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive.
The notice, hearing and approval requirements of section 20(2) promote uniform State-wide adherence to this constitutional mandate by municipal civil service commissions. We believe that the exemption from the notice and hearing requirements (§ 20[2]) and exemption from the approval process (Klipp v. New York State Civil Service Commission, 42 Misc.2d 35
[Sup Ct Suffolk Co], affd, 22 A.D.2d 854 [2d Dept 1964], affd,15 N.Y.2d 880 [1965]) should be read to apply only to rules or modifications enacted to conform with a mandate of the State Legislature. In that circumstance, the legislative process would insure adherence to constitutional mandates on a State-wide basis.
Thus, we conclude that rules resulting from local enactments should be subject to the statutory requirement of notice and hearing as well as Commission approval. The State Legislature can modify classification requirements, consistent with the Constitution's merit and fitness requirements, with a State-wide perspective. If the exemption for rules mandated by "statute" encompassed changes required by local enactments, a myriad of different rules might result, jeopardizing constitutional requirements. Local governments may have parochial concerns at odds with the provisions of the Constitution. A patchwork of varying classifications of similar positions in the various jurisdictions may result. In our view, this was not the intent of the Legislature.
Further, an act of the State Legislature would take effect regardless of this section's local notice, hearing and approval requirements. Therefore, it is reasonable to conclude that the Legislature chose not to require notice, hearing and approval for rule changes mandated by State statute.
We conclude that the notice, hearing and approval procedures set forth in Civil Service Law § 20(2) apply to the modifications of the rules of the City Personnel Director at issue here, which include the establishment of new titles and the reclassification of existing titles. The exemption from the notice, hearing and approval requirements for rules or rule changes that are required by a change in a statute does not, in our view, apply to rule changes made to conform to local enactments.
Very truly yours,
DENNIS C. VACCO
Attorney General