■ In the Matter of the Arbitration between MERITPLAN INSURANCE COMPANY, Appellant, and ARTHUR STONE et al., Respondent. In the Matter of the Arbitration between NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, and ARTHUR STONE, Respondent. — In consolidated proceedings to stay arbitration of respondent Stone's claims under the uninsured motorist indorsements of insurance policies issued by petitioners Meritplan Insurance Company and Nationwide Mutual Insurance Company, Meritplan appeals from a judgment of the Supreme Court, Suffolk County, entered September 30, 1980, which, after a nonjury trial, (1) denied its application to permanently stay arbitration, (2) granted Nationwide's application to

permanently stay arbitration, and (3) directed, *inter alia,* that Stone is entitled to proceed with his claim in arbitration against Meritplan only. Judgment affirmed, with one bill of costs payable to respondents Nationwide and Stone. Whether the accident involved physical contact between claimant Arthur Stone's motorcycle and the alleged hit-and-run vehicle was a question of fact for the Trial Judge. His determination of this question in favor of the claimant is not against the weight of the evidence in the record and must be affirmed (see *Matter of Yerks [MVAIC],* 32 AD2d 746). The stipulation between the parties entered into at trial, which limited the issues to be "resolved" or "decide[d]" by the trial court, did not include the issue of whether, in case it were found that Nationwide Mutual Insurance Company had not received timely notice of respondent Stone's claim, Nationwide had disclaimed or denied coverage in proper and timely fashion. Nor was this issue raised in the pleadings or at trial. Accordingly, Meritplan Insurance Company may not be heard to raise this issue for the first time on appeal (see *Charlotte Lake Riv. Assoc. v American Ins. Co.,* 68 AD2d 151, 154). Lazer, J.P., Margett, O'Connor and Thompson, JJ., concur.