■ In the Matter of ROSLYN DE BELLIS, Appellant, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents. — Appeal from an order and judgment of the Supreme Court at Special Term (Conway, J.), entered February 11, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education. Respondent Board of Examiners of the City School District of New York (board) determined that petitioner failed to meet certain eligibility requirements which had to be met before an applicant could obtain licenses as principal of a junior high school and as principal of a day high school. Specifically, the board ruled that petitioner's experience as a career education co-ordinator did not constitute the "full-time supervisory and/or administrative experience" required to qualify her for either license. Petitioner pursued administrative remedies with the board to no avail. Pursuant to section 310 of the Education Law, petitioner then appealed the adverse determinations to the Commissioner of Education. The commissioner dismissed petitioner's appeals on the merits and petitioner commenced the instant article 78 proceeding. Special Term dismissed the petition on the merits and this appeal ensued. Initially, petitioner seeks to review directly the determination of the board. Where, as here, however, the final administrative determination is made by the commissioner pursuant to section 310 of the Education Law, judicial inquiry is restricted to review of the commissioner's determination (*Matter of Gundrum v Ambach*, 55 NY2d 872), and the scope of judicial review is limited to whether the commissioner's determination is arbitrary and capricious or lacks a rational basis (*Matter of Kelley v Ambach*, 83 AD2d 733). Petitioner next contends that the commissioner applied the wrong standard of review in deciding her appeals from the board's decisions. This issue, however, was not raised in the pleadings or presented in the papers before Special Term and, therefore, we need not consider it (*Matter of Meritplan Ins. Co. [Stone]*, 81 AD2d 888, 889). Since the commissioner's decision reveals that he did, in fact, review the record to determine whether there was support for the board's factual findings, the interests of justice do not require that we consider the issue raised for the first time on this appeal, as petitioner urges. Central to petitioner's argument on the merits is her claim that certain evidence forming the basis for the challenged administrative findings is unreliable, and that certain other evidence conclusively establishes petitioner's entitlement to the licenses she seeks. Our review of the record persuades us that the alleged conflicts contained in the documentary evidence at issue presented, at most, questions of fact which were resolved against petitioner. Accordingly, there is a rational basis for the commissioner's determination. Petitioner also contends that she was denied due process in that a document relied upon by the board was not

made available to her until after she had commenced her appeal to the commissioner. It is clear from the record, however, that petitioner was apprised of the reasons for the denial of the licenses she sought and that she had the opportunity to, and in fact did, present relevant proof in support of her appeal. There was no denial of due process. Petitioner's equal protection argument was not pleaded or raised before Special Term. In any event, the eligibility requirements do not, on their face, discriminate in the manner petitioner suggests. Nor has petitioner offered any proof that, as applied, the requirements create a classification for which there is no rational basis. Special Term's judgment dismissing the petition should be affirmed. Order and judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.