■ In the Matter of JOHN R. BARNES, Doing Business as RIVERWALK ASSOCIATES, Appellant, v BINGHAMTON URBAN RENEWAL AGENCY et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Crew,

III, J.), entered December 10, 1984 in Broome County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for want of standing and as untimely.

In 1963, the Binghamton City Council designated an area in the City of Binghamton, Broome County, as an urban renewal area pursuant to General Municipal Law §§ 502 and 504. "Parcel 5A", included within the urban renewal area, is the subject of this proceeding. In February 1981, respondent Binghamton Urban Renewal Agency (BURA) decided to utilize parcel 5A as a site for the construction of a hotel. Having so decided, BURA granted Garbade Construction Corporation, G. E. Springer, Inc., and Dickinson Gamble exclusive preferred developer status for development and disposition of said parcel. After the usual lengthy and detailed application procedures, the project was approved for a $3,300,000 grant by the United States Department of Housing and Urban Development in December 1982. However, the developers were met with litigation emanating in at least one respect from an established local hotel and decided to give up their status. On April 18, 1984, BURA granted respondent Sarbro Realty Corporation (Sarbro) the status released by the former exclusive preferred developers.

On July 13, 1984, petitioner commenced this proceeding seeking to annul Sarbro's designation and to compel BURA to consider his proposal to develop a 100- to 125-unit apartment complex upon parcel 5A, together with a further judgment directing BURA to approve the proposal, and designating petitioner the exclusive preferred developer for said parcel. Prior to Sarbro's designation, but after its predecessor's designation, petitioner had communicated on a number of occasions with BURA and the Mayor of the City of Binghamton in an effort to create interest in his proposal. BURA declined to change its plans and to invite negotiation by petitioner. Petitioner alleged that BURA's refusal to negotiate for an apartment complex was arbitrary and capricious.

Special Term dismissed the petition upon the grounds that petitioner had no standing to commence the litigation and that the proceeding was barred by the four-month Statute of Limitations applicable to CPLR article 78 proceedings (CPLR 217). Petitioner contended that although he was not a resident of the City of Binghamton, he had standing by virtue of the "zone of interest" principle. He further contended that the statute began to run on the date that Sarbro was granted its

status and that the petition was brought within four months thereafter.

Special Term concluded that the basic and threshold determination was made by BURA in 1981 when it decided in favor of the construction of a hotel. Special Term made the determination that if petitioner was aggrieved by any action in BURA, he was aggrieved by that decision. Neither at that time nor at any subsequent time has petitioner sought to develop a hotel nor does he now. If he had standing at the time, he should have commenced his proceeding within four months after the decision became public knowledge *(see,* CPLR 217; *Matter of Tufaro Tr. Co. v Board of Educ.,* 79 AD2d 376, 379). Special Term, having determined that BURA's decision to develop parcel 5A by construction of a hotel could no longer be challenged in the courts and having determined that petitioner did not seek to be named as a developer of the property for hotel purposes, also concluded that petitioner had no standing to contest any further administrative actions of BURA in regard to hotel development. We agree.

It is significant that nowhere in his brief nor in his petition and supporting papers does petitioner cite any statutory authority or case law to support his contentions as to standing and the Statute of Limitations. Usually a litigant seeking to prove standing by the "zone of interest" concept cites *Matter of Dairylea Coop. v Walkley* (38 NY2d 6). Landmark status has been given to the case as to liberality of application of that test. That case is, however, distinguishable. In *Dairylea,* the petitioner was a licensed milk dealer in two counties for which another applicant sought and obtained a license. The petitioner sought to set the decision aside. The determining factor establishing "zone of interest" standing was the specific incorporation into the licensing statute of the objective of preventing destructive competition. The Court of Appeals specifically stated, "Of course, competitive injury, of itself, will not confer standing" *(id.,* p 11).

More on point is *Matter of Abrams v New York City Tr. Auth.* (39 NY2d 990, 992), in which the Court of Appeals stated, "Standing, however, has not and should not be extended to substitute judicial oversight for the discretionary management of public business by public officials." We conclude that, in the absence of evidence of violation of any law, petitioner had no standing to commence this proceeding.

Judgment affirmed, with costs. Kane, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.