In the Matter of BLUE CROSS OF WESTERN NEW YORK, INC., Appellant, v WENDY E. COOPER, as Acting Superintendent of Insurance of the State of New York, Respondent.

Third Department, January 24, 1991

APPEARANCES OF COUNSEL

*Thomas A. Fortunato* for appellant.

*Robert Abrams, Attorney-General (Leslie B. Neustadt* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

At issue on this appeal is whether petitioner has standing to challenge respondent's determinations which allegedly approved the continued marketing and sale of a health insurance contract by one of petitioner's competitors at a rate which is allegedly inadequate and actuarially unsound. The contract, referred to by the parties as a TCX contract, combines the benefits of three separate health insurance contracts at a rate which is substantially lower than the sum of the rates for the three separate contracts. Petitioner and the competitor both market the three separate contracts at rates which are apparently similar, but only the competitor markets the TCX contract. Petitioner contends that it has standing in its individual capacity based, first, upon the economic and competitive injury sustained by petitioner when a number of its former subscribers switched their coverage to the competitor's TCX contract, and second, upon petitioner's status as a customer of the competitor, paying some $27,000 per month in premiums for insurance coverage provided to certain of petitioner's employees. Petitioner also maintains that it has "associational standing" to represent the interests of its employees

who are the actual subscribers to the contracts issued by the competitor, for which petitioner pays the premiums, and to represent the interests of petitioner's members and subscribers who are paying rates for the three separate contracts offered by petitioner which are higher than the rates being paid by the competitor's members and subscribers for similar coverage under the TCX contract.

In granting respondent's motion to dismiss the petition for lack of standing, Supreme Court focused exclusively on petitioner's status as a competitor, and we see no basis for expanding our review to the additional grounds asserted by petitioner on appeal. The petition refers only to petitioner's status as a competitor and the economic injury caused by the marketing of the TCX contract. No mention is made in the petition of petitioner's status as a customer; no mention is made of any injury to petitioner's customers and subscribers; no mention is made of petitioner's appearance in a representational capacity on behalf of any other party. The only reference in the record to petitioner's status as a customer appears in a brief affidavit submitted in opposition to respondent's motion to dismiss, but the affidavit contains no details as to the type of contract petitioner's employees have with the competitor and it contains no claim of injury based upon petitioner's status as a customer. Respondent asserts that petitioner raised only the economic and competitive injury claim at Supreme Court, and petitioner appears to concede as much, arguing instead that the record contains the relevant facts and that "[w]hat [p]etitioner chooses to emphasize at any given stage of the litigation is not dispositive". In view of petitioner's failure to raise the alternative grounds for standing at Supreme Court, we will not consider them *(see, New York State Coalition for Criminal Justice v Coughlin,* 64 NY2d 660, 662, n).

The Court of Appeals recently explained: "In *Matter of Dairylea Coop. v Walkley* (38 NY2d 6), we set forth a two-part test for determining when a party has standing to contest administrative action. As we held in that case, a petitioner needs to 'show that the administrative action will in fact have a harmful effect on the petitioner and that the interest asserted is arguably within the zone of interest to be protected by the statute.' *(Id.,* at 9.)" *(Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433.) The court has also suggested that the *Dairylea* case includes a third factor: "there [must be] no clear legislative intent negating review"

*(Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 443). The case at bar is similar to the *Dairylea* case in two respects: the harmful effect alleged by petitioner consists of economic or competitive injury, and the dispute concerns the applicability and scope of the relevant statute which gave rise to the challenged administrative action. The court held in *Dairylea* that "where a statute reflects an overriding legislative purpose to prevent destructive competition, an injured competitor has standing to require compliance with that statute" *(Matter of Dairylea Coop. v Walkley, supra,* at 11). In so doing, however, the court cautioned that "competitive injury, of itself, will not confer standing" *(supra,* at 11), citing as an example of this principle *Matter of Bank v Allen* (35 AD2d 245), where a committee representing pharmacy owners and operators was denied standing to challenge the administrative approval of a third-party's application for a certificate of registration to operate a pharmacy. Lack of standing there was predicated on the absence from the statutory scheme of any requirement that economic competition be considered as a factor in the administrative action *(supra,* at 247-248). Here, too, the relevant statute (Insurance Law § 4308 [b]) contains no requirement that economic competition be considered as a factor.

Nevertheless, petitioner contends that because the rates charged by it and its competitors are set by respondent, and not determined by the marketplace, it should be permitted to challenge inadequate rates approved for a competitor which could cause a loss of customers for petitioner and ultimately might drive petitioner out of business. We reject this argument as it would accord standing to any competitor who claims economic injury from administrative action which involves ratemaking. Although *Matter of Dairylea Coop. v Walkley (supra)* has been cited for its liberal application of the zone-of-interest test to determine standing *(e.g., Matter of Barnes v Binghamton Urban Renewal Agency,* 115 AD2d 803, 805), the court gave standing to the competitor in *Dairylea* only because the relevant statute reflected "an overriding legislative purpose to prevent destructive competition" *(Matter of Dairylea Coop. v Walkley, supra,* at 11). We agree with Supreme Court that no such "overriding legislative purpose" can be found in Insurance Law article 43 *(see, Matter of Sheehan v Ambach,* 136 AD2d 25, 28, *lv denied* 72 NY2d 804). We also agree with Supreme Court that the allegations in the petition that the approved rate is actuarially unsound and

insufficient to enable the competitor to meet the reserve requirements of Insurance Law § 4310 reflect petitioner's concern for the protection of the general public and do not confer standing on petitioner in its individual capacity *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 413). Accordingly, the judgment dismissing petitioner's application for CPLR article 78 review should be affirmed.

MAHONEY, P. J., LEVINE, MERCURE and HARVEY, JJ., concur.

Judgment affirmed, without costs.