In the Matter of THOMAS F. O'CONNOR, Appellant, v THOMAS SOBOL, as Commissioner of Education, et al., Respondents.

Third Department, December 31, 1991

## APPEARANCES OF COUNSEL

*Mitchell Gittin* for appellant.

*Lizette A. Cantres (Kathy A. Ahearn* of counsel), for Thomas Sobol, respondent.

*Bernard T. Callan* for Brentwood Union Free School District, respondent.

*Katherine A. Levine* for New York State United Teachers, *amicus curiae.*

*Cynthia P. Fletcher* for New York State School Boards Association, *amicus curiae.*

## OPINION OF THE COURT

MERCURE, J.

Petitioner, a tenured high school social studies teacher employed by respondent Brentwood Union Free School District (hereinafter Brentwood), taught a 12th grade "Participation in Government" class. As part of a classroom debate on censorship in school libraries, petitioner distributed to the entire class a sexually explicit article entitled "Better Orgasms". One of the students had given petitioner the article, found in a magazine in the library of the Brentwood North Junior High School, as evidence to support the procensorship argument. Following a meeting to discuss the reasons for the article's dissemination, attended by petitioner, his attorney, union representatives and school administrators, Associate Principal Gary Mintz placed in petitioner's personnel file a letter commenting on petitioner's "poor judgment" in distributing the article and directing petitioner, *inter alia,* "to notify [his] Department Head * * * of the dissemination of any material likely to be considered controversial by staff, class, or community".

Petitioner appealed to respondent Commissioner of Education pursuant to Education Law § 310, claiming a violation of his 1st Amendment rights and requesting that the letter be removed from his file. The Commissioner ruled that the letter (1) did not violate petitioner's 1st Amendment rights, (2) does

not trigger the hearing procedure of Education Law § 3020-a, and (3) need not be removed from petitioner's file and that petitioner has no standing to assert the 1st Amendment rights of his students. Petitioner then instituted this CPLR article 78 proceeding seeking to annul the Commissioner's determination. Supreme Court found that the Commissioner's determination was not arbitrary or capricious and dismissed the petition. This appeal followed.

Initially, it is well settled that when a determination of the Commissioner is appealed to the courts in an article 78 proceeding, the scope of judicial review is limited to whether his determination is arbitrary and capricious or lacks a rational basis *(Matter of De Bellis v Commissioner of Educ. of State of N. Y.,* 95 AD2d 907; *Matter of Conley v Ambach,* 93 AD2d 902, 903, *mod* 61 NY2d 685). Nor is the standard of review any different in cases where constitutional issues are inextricably linked with matters of educational policy *(see, Matter of Board of Educ. v Allen,* 6 NY2d 127, 136). With this rule as our guide, we turn to a consideration of the questions presented.

Petitioner claims that Education Law § 3020-a was violated. Contrary to petitioner's assertion, the written communication in issue here amounted to nothing more than an "administrative evaluation" and was properly included in petitioner's personnel file without resort to the formal procedures set forth in Education Law § 3020-a *(see, Holt v Board of Educ.,* 52 NY2d 625, 631-632). The letter did not impose a punishment, but merely reminded petitioner of rules applicable to all Brentwood teachers. As such, it fell "far short of the sort of formal reprimand contemplated by the statute" *(supra,* at 633; *see, TeBordo v Cold Spring Harbor Cent. School Dist.,* 126 AD2d 542, 543, *lv denied* 70 NY2d 605).

Next, we reject petitioner's contention that he has standing to assert the 1st Amendment rights of his students. First, applying administrative principles, in order to confer standing this court must find that the students' interests are within the zone of interest sought to be protected by Education Law § 310, that the Commissioner's determination has a harmful effect on the students, and that there is no clear legislative intent negating this court's review *(see, Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 443; *see also, Matter of Blue Cross v Cooper,* 164 AD2d 578, 580-581). In the case at bar, although students are within the zone of protection of Education Law § 310, there has been no

demonstration that placing the letter in petitioner's personnel file has had a harmful effect on their 1st Amendment free speech rights. No evidence has been presented that students are aware of the letter and that student speech has been chilled thereby. Applying constitutional principles, petitioner has failed to meet his heavy burden of showing " 'a realistic danger that the [letter] itself will significantly compromise recognized First Amendment protections' " of petitioner's students and is, thus, " 'substantially' overbroad" *(New York State Club Assn. v City of New York,* 487 US 1, 11, quoting *City Council v Taxpayers for Vincent,* 466 US 789, 801).

■ We now turn to petitioner's principal claim that the letter violates his 1st Amendment free speech rights because it is vague, overbroad and infringes on his ability to engage his students in discussion and debate. First, the letter does not forbid distribution of controversial material or discussion of controversial ideas, but merely requests that petitioner advise the administration of certain material before it is disseminated in the classroom. Thus, it is not vulnerable to an overbreadth attack *(cf., Thornhill v Alabama,* 310 US 88, 97). Nor does the directive fail for vagueness. Measured in the context in which the standard will be applied and given that the directive was issued only after petitioner distributed a sexually explicit article, petitioner should be able to determine the materials covered after considering the emotional maturity and age level of the students *(see, Hazelwood School Dist. v Kuhlmeier,* 484 US 260, 272).

■ We also reject petitioner's contention that the distribution of the article is a matter of pedagogical methodology protected under the 1st Amendment. First, it is important to again note that there has been no restraint on the actual dissemination of classroom material in the instant case. Second, notwithstanding teachers' rights to choose methodology under principles of academic freedom *(see, Kingsville Ind. School Dist. v Cooper,* 611 F2d 1109), school officials "must be permitted 'to establish and apply their curriculum in such a way as to transmit community values' " *(Board of Educ. v Pico,* 457 US 853, 864), providing their discretion is "exercised in a manner that comports with the transcendent imperatives of the First Amendment" *(supra,* at 864; *see, Ware v Valley Stream High School Dist.,* 75 NY2d 114, 122). In *Hazelwood School Dist. v Kuhlmeier (supra,* at 271), the United States Supreme Court held that activities may fairly be characterized as part of the school curriculum when they are supervised by

faculty members and designed to impart particular knowledge or skills to students. Thus viewed, petitioner's actions with respect to the article were curricular in nature and did not constitute a student's "personal expression that happens to occur on the school premises" *(supra,* at 271). Applying the *Hazelwood* standard, we agree with Supreme Court that the directive was a proper exercise of the right of school officials to review instructional material *(see, Kirkland v Northside Ind. School Dist.,* 890 F2d 794, *cert denied* — US —, 110 S Ct 2620).

In sum, we "should not 'intervene in the resolution of conflicts which arise in the daily operation of school systems' unless 'basic constitutional values' are 'directly and sharply implicate[d]' " *(Board of Educ. v Pico,* 457 US 853, 866, *supra,* quoting *Epperson v Arkansas,* 393 US 97, 104). Because the Commissioner's determination in the instant case was not "patently violative of statutory or constitutional mandate" *(Matter of Board of Educ. v Ambach,* 90 AD2d 227, 231, *affd* 60 NY2d 758, *cert denied* 465 US 1101), it should be upheld.

MAHONEY, P. J., MIKOLL, YESAWICH JR. and HARVEY, JJ., concur.

Ordered that the judgment is affirmed, without costs.