In the Matter of MALVERNE UNION FREE SCHOOL DISTRICT, Respondent-Appellant, v THOMAS SOBOL, as Commissioner of Education, Respondent, and JANET MORGAN, Appellant-Respondent.

Third Department, July 23, 1992

372

### APPEARANCES OF COUNSEL

*Gibson, Dunn & Crutcher (Randy M. Mastro, Robert D. Sack, Robin L. Baker* and *Jeffrey C. Levy* of counsel), for appellant-respondent.

*Rains & Pogrebin, P. C. (Terence M. O'Neil* and *Craig R. Benson* of counsel), for respondent-appellant.

*Kathy A. Ahearn* and *Lizette A. Cantres* for respondent.

*Jay Worona* and *Joseph B. Porter* for New York State School Boards Association, *amicus curiae.*

*James R. Sandner (Katherine A. Levine* of counsel), for New York State United Teachers, *amicus curiae.*

### OPINION OF THE COURT

CASEY, J.

This proceeding arises out of petitioner's attempts to discipline one of its teachers, respondent Janet Morgan, for alleged insubordination and conduct unbecoming a teacher for her refusal to rescind an assignment which she had given to her students and for her refusal to turn over her lesson plan and grade books, as requested by petitioner's Superintendent. The assignment required the students to write essays expressing

their opinion regarding the recent firing of a television sports commentator. Petitioner did not view the essay assignment itself as inappropriate, but concluded that Morgan had acted improperly when she included in the material distributed to the students a letter to the editor she had written which, according to petitioner, expressed her opinion on the subject of the essay.

At the hearing held pursuant to Education Law § 3020-a, Morgan asserted as a defense, *inter alia,* the claim that petitioner's actions interfered with her academic freedom. The Hearing Panel declined to consider the defense, concluding that it had "neither the competence nor the jurisdiction to resolve this question". Morgan was found guilty of one of the three specifications based upon her refusal to rescind the assignment and all three of the specifications based upon her refusal to turn over lesson plans and grade books. A one-semester suspension without pay was recommended by the Hearing Panel.

Petitioner appealed to respondent Commissioner of Education, contending that the Hearing Panel erred in finding Morgan not guilty of two of the specifications and requesting that the penalty be increased to a dismissal. Morgan's answer included an affirmative defense to all of the charges based upon her academic freedom claim. The Commissioner concluded that petitioner's directives to Morgan concerning the assignment itself encroached impermissibly on her right to academic freedom, but the Hearing Panel's findings that Morgan was guilty of the three charges based upon her refusal to turn over lesson plans and grade books were sustained. The penalty was reduced to a three-month suspension without pay.

Petitioner then commenced this CPLR article 78 proceeding contending, *inter alia,* that the Commissioner erred in considering the academic freedom defense, that the Commissioner's academic freedom analysis was flawed, that Morgan was guilty of all charges and that dismissal was the only appropriate penalty. Morgan's answer included a counterclaim which sought dismissal of all charges. Supreme Court confirmed the Commissioner's determination, resulting in these cross appeals by petitioner and Morgan.

■ Petitioner argues that the Commissioner erred in addressing Morgan's challenge to the Hearing Panel's findings because Morgan failed to initiate a timely appeal to the

Commissioner, instead raising the issues in her verified answer to petitioner's appeal. The argument is meritless, for the Commissioner is statutorily authorized to regulate the practice in administrative proceedings (Education Law § 311 [1]), and this court has recognized that a teacher "preserved her right to challenge the Panel's factual findings by filing a verified answer to the Board's appeal to the Commissioner which contained affirmative defenses" *(Matter of Land v Commissioner of Educ. of State of N. Y.,* 174 AD2d 927, 928).

Next, petitioner maintains that Supreme Court erred in confirming the Commissioner's determination on grounds not invoked by the Commissioner *(see, e.g., Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593). According to petitioner, the Commissioner's academic freedom analysis was based exclusively on the rights afforded teachers by the 1st Amendment, but Supreme Court sustained the Commissioner's academic freedom determination on the ground that it constituted a rationally based formulation of educational policy within the Commissioner's area of expertise.

The United States Supreme Court "has long recognized that local school boards have broad discretion in the management of school affairs" *(Board of Educ. v Pico,* 457 US 853, 863). Nevertheless, "the discretion of the States and local school boards in matters of education must be exercised in a manner that comports with the transcendent imperatives of the First Amendment" *(supra,* at 864). Based upon these considerations, the United States Supreme Court has fashioned a rule that "courts should not 'intervene in the resolution of conflicts which arise in the daily operation of school systems' unless 'basic constitutional values' are 'directly and sharply implicate[d]' in those conflicts" *(supra,* at 866, quoting *Epperson v Arkansas,* 393 US 97, 104). The Commissioner, however, is not subject to this constraint on judicial review of educational matters.

The Commissioner is the chief executive officer of the State system of education and among the powers vested in this officer is the authority to "advise and guide the school officers of all districts and cities of the state in relation to their duties and the general management of the schools under their control" (Education Law § 305 [2]). The Commissioner is also vested with appellate jurisdiction over controversies within the common school system (Education Law § 310; *Matter of Bowen v Allen,* 17 AD2d 12, 15, *affd* 13 NY2d 663). As "the practical administrative head" of the State system of

education, the Commissioner has "the final authority in passing on many questions bound to arise in the administration of the school system" *(People ex rel. Board of Educ. v Finley,* 211 NY 51, 57; *see, Matter of Board of Educ. v Ambach,* 70 NY2d 501, 510,*cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034). In exercising these broad review powers, the Commissioner is not subject to the same rules which constrain the courts and he can take into account educational policy matters and substitute his judgment for that of the officer whose action he is reviewing *(Matter of Board of Educ. v Allen,* 6 NY2d 127, 141). We conclude, therefore that in determining the scope of a teacher's right to academic freedom, asserted by the teacher as a defense in a disciplinary proceeding, the Commissioner is not restricted by the same rules as the courts would be in their application of the 1st Amendment. Educational policy can play a role in the Commissioner's determination.

■ Turning to the question of whether educational policy played a role in the Commissioner's determination at issue, we reject petitioner's contention that the Commissioner resolved a purely constitutional issue. The Commissioner and the Court of Appeals have recognized that an administrative appeal is not the appropriate forum for resolving " 'novel questions of constitutional law' " *(Ware v Valley Stream High School Dist.,* 75 NY2d 114, 123). A reading of the Commissioner's determination in its entirety establishes that although the Commissioner's analysis began with a discussion of constitutional principles, he did not resolve the academic freedom issue exclusively on the basis of those constitutional principles. We agree with Supreme Court that the Commissioner's analysis includes a discussion of the educational policy concerns implicated by the academic freedom issue, and those concerns played a role in the Commissioner's determination.

Whether educational policy served as an alternative basis for the Commissioner's determination or was inextricably linked with the constitutional issue, the scope of judicial review of the determination is the same—if the determination is neither arbitrary and capricious nor lacking a rational basis, it must be confirmed *(see, Matter of O'Connor v Sobol,* 173 AD2d 74, 77). The Commissioner's discussion of the relevant constitutional principles and educational policy considerations concluded with the following: "After careful review of the assignment in light of the age and maturity of the students and consideration of petitioner's failure to provide any

evidence that the students' response to the assignment was affected by inclusion of the teacher's editorial, I am unable to conclude that the assignment was inappropriate. Moreover, because I find the assignment consistent with a teacher's role in eliciting student opinion and providing assignments which strengthen analytic skills, I conclude that the district's directives which attempted to interfere with the teacher's right to give the homework assignment or assign a grade constitute an unreasonable intrusion into the teacher's academic freedom." We find nothing arbitrary and capricious in the Commissioner's resolution of the academic freedom issue, and there is a rational basis in the record for the determination. Having so concluded, we have exhausted our scope of review on the academic freedom issue and we do not reach the question of whether Morgan's 1st Amendment rights were violated.

■ Relying upon the "work now, grieve later" rule *(see, Matter of Ferreri v New York State Thruway Auth.,* 62 NY2d 855, 856), petitioner contends that Morgan was required to obey petitioner's directives and protest them "in the proper forum". According to petitioner, Morgan's failure to "obey and grieve" precluded her from raising the academic freedom issue as a defense to her refusal to comply with petitioner's directives, and petitioner asserts that the Commissioner's failure to consider the "obey and grieve" issue renders his determination arbitrary and capricious. The issue was not, however, raised in the petition to the Commissioner and, therefore, petitioner waived it *(see, Matter of Town of Bedford v State of New York Off. of Mental Retardation & Dev. Disabilities,* 144 AD2d 473, 475; *Matter of Scarpulla v State Tax Commn.,* 120 AD2d 842, 843). Nor was the issue raised in petitioner's pleadings in this CPLR article 78 proceeding *(see, Matter of Hoffay v Tifft,* 164 AD2d 94, 97).

■ As to the cross appeal, Morgan contends that her refusal to rescind the assignment and her refusal to turn over her lesson plans and grade books all arose out of the same event and were inextricably intertwined in her assertion of academic freedom. Thus, according to Morgan, it was irrational for the Commissioner to dismiss the charges arising out of her refusal to rescind the assignment and sustain the charges arising out of her refusal to turn over her lesson plans and grade books. We disagree. The Commissioner found that petitioner had no legitimate basis for directing Morgan to rescind the assignment and that its attempts to do so constituted an unreasonable intrusion into the teacher's academic freedom.

As to the lesson plan and grade books, however, the Commissioner concluded that petitioner retained final authority to review and assign grades (Education Law § 1709) and that in exercising this authority by requesting the lesson plan and grade books, petitioner did not intrude upon the teacher's academic freedom. We see nothing irrational in the distinction drawn by the Commissioner in the exercise of his broad powers of appellate review pursuant to Education Law § 310. We have also considered Morgan's due process claim and find it meritless.

■ Petitioner's contention that the penalty should be increased to dismissal is rejected. Judicial review of the penalty imposed by an administrative agency in a disciplinary proceeding is limited. The determination may be set aside only if the penalty is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). We see nothing in the three-month suspension without pay which is disproportionate to the three specifications of misconduct sustained by the Commissioner.

MIKOLL, J. P., YESAWICH JR., MERCURE and CREW III, JJ., concur.

Ordered that the judgment is affirmed, without costs.