OPINION OF THE COURT
George L. Cobb, J.
Petitioner, hereinafter the Board of Education, has commenced a CPLR article 78 proceeding seeking to vacate and annul the determination of respondent Sobol which invalidated Resolution 33 of the Board of Education upon administrative appeal pursuant to section 310 of the Education Law. The petitioners in the underlying administrative appeal, hereinafter intervenors, have moved for leave to intervene in the instant proceeding. Such leave is hereby granted.
The regulations of the Department of Education at 8 NYCRR 135.3 (b) (2) require school boards to maintain an AIDS education program "designed to provide accurate information to pupils concerning the nature of the disease, methods of transmission and methods of prevention”. Such program is required to "stress abstinence as the most appropriate and effective premarital protection against AIDS”. By commentary, the Board of Regents of the State of New York adopted explanatory language providing "the requirement that each HIV/AIDS instruction must 'stress abstinence as the most appropriate and effective premarital protection against AIDS’, means that written and oral instruction on AIDS prevention must devote substantially more time and attention to abstinence than to other means of avoiding HIV infection”. Resolution 33 expanded upon such requirement and mandated that "whenever students are assembled for classroom or other instruction related to AIDS prevention, the written and oral instruction presented to them on that occasion must devote substantially more time and attention to abstinence than to other methods of prevention”. It is this "occasion” mandate which fuels the current controversy.
Respondent’s decision on the administrative appeal invalidated Resolution 33 on the ground that the Board of Education had failed to provide any genuine opportunity for review and comment by the AIDS Advisory Council with respect to a significant matter central to the implementation of the Board’s AIDS curriculum prior to adoption of the resolution. Respondent further indicated that the "occasion” mandate improperly sought to control the manner of teaching of AIDS curriculum and indicated that such requirement would be *395 invalidated if the Board of Education sought to reintroduce such requirement following referral to the AIDS Advisory Council.
Judicial review of respondent’s determination is extremely limited. The determination will be upheld unless it is arbitrary and capricious and without rational basis (Catlin v Sobol, 77 NY2d 552). Moreover, respondent’s determination is entitled to great deference since it constitutes an administrative interpretation of respondent’s own regulation (Matter of Cortlandt Nursing Care Ctr. v Whalen, 46 NY2d 979), and further involves a determination with respect to educational policy, a matter within respondent’s particular expertise (Matter of Malveme Union Free School Dist. v Sobol, 181 AD2d 371, 375-376). In addition, review is limited to the record before the agency (Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, affd 58 NY2d 952), and the grounds invoked by respondent (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758).
The regulations at 8 NYCRR 135.3 (b) (2) and (c) (2) (i) require boards of education to establish an advisory council "which shall be responsible for making recommendations concerning the content, implementation, and evaluation of an AIDS instruction program”. Pursuant to the same regulations, each board of education is required to determine the content of the curriculum, approve its implementation and evaluate the district’s AIDS instruction program. The Board of Education has characterized the differences between the regulations and commentary with respect to abstinence and Resolution 33 as de minimis and meaningless. The Board of Education therefore argued that since most of the issues had already been considered by the AIDS Advisory Council, there was no need for a formal referral of Resolution 33 for comment. Respondent rejected such argument, finding that the "occasion” mandate of Resolution 33 controls the method or manner of instruction and imposes significant and substantial limitations. Respondent therefore found that the resolution did not mirror the regulations but rather would have far-reaching effects with major implications. Respondent therefore found that the "occasion” mandate constituted a matter central to the implementation of the AIDS instructional program.
It cannot seriously be argued that the "occasion” mandate does not direct or control the manner of presentation of the curriculum by teachers to students. It requires that lessons on abstinence and other forms of prevention be fragmented such *396 that each instructional period on prevention "must devote substantially more time and attention to abstinence than to other methods of prevention”. Since the State regulations deal only with curriculum content, the "occasion” mandate clearly represents a significant deviation of a qualitative nature. The court therefore finds a rational basis for respondent’s determination that Resolution 33 did not merely mirror the State regulations and in fact changed the Board of Education’s AIDS education policy with respect to a matter central to the implementation of the instructional program.
The regulations require that boards of education establish advisory councils and further require that such councils "shall be responsible for making recommendations concerning the content, implementation, and evaluation of an AIDS instruction program”. While respondent has in the past refused to set any specific procedural requirements for referrals to advisory councils (Matter of Parents for Better Educ., 28 Ed Dept Rep 154), such policy does not preclude a finding that certain actions are so egregious as to require invalidation for failure to refer to the advisory council. Moreover, such referral is clearly required by implication in the regulations. While the Board of Education argued that, in fact, substantially all issues had already been referred to the Advisory Council, respondent found that the Board of Education failed to provide any factual basis or legal theory for such claim. In fact, the Board of Education submitted only one affidavit with conclusory assertions to that effect and no support by evidentiary proof. The court therefore finds a rational basis for respondent’s determination that "[the Board of Education’s] conduct robbed the advisory council of its essential role in this matter; that is, to provide genuine opportunities for review and comment on matters central to implementation of its AIDS curriculum prior to adoption. This failure to comply with regulation cannot be excused” (see also, New York State School Bds. Assn. v Sobol, 79 NY2d 333, 336-340).
The court also finds a clear rational basis for respondent’s determination that the "occasion” mandate goes far beyond setting policy and curriculum and seeks to control the manner of teaching of the AIDS education program. Such conclusion necessarily follows from the language of the resolution. It is clearly within respondent’s expertise to determine that such attempt to control the manner of teaching is not appropriate educational policy.
*397 Accordingly, the court finds that the determination of respondent Sobol is supported by a rational basis and is neither arbitrary nor capricious. As such, instant article 78 proceeding shall be dismissed in all respects.