■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v SOUTHOLD UNION FREE SCHOOL DISTRICT, Respondent. [611 NYS2d 895] —In a proceeding pursuant to CPLR article 78 to review a determination of the Southold Union Free School District, dated January 11, 1991, which placed a written reprimand into the personnel file of the petitioner Curtis Meyhoefer without affording him a due process hearing, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated October 15, 1991, which, *inter alia,* dismissed the proceeding on the merits.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination reprimanding the petitioner is annulled, and the respondent is directed to expunge the written reprimand from the personnel file of the petitioner Curtis Meyhoefer.

An informal investigation was conducted into a teacher's complaint that the petitioner, Curtis Meyhoefer, a custodian employed by the respondent school district, had made statements and gestures which constituted sexual harassment. Thereafter, a document designated a "formal reprimand" was inserted into the custodian's personnel file. Meyhoefer unsuccessfully demanded the removal of the material and his union, on his behalf, subsequently commenced this CPLR article 78 proceeding to annul the school district's determination and to expunge the material from his file. The Supreme Court dismissed the proceeding, reasoning that the material did not constitute a disciplinary reprimand within the meaning of

Civil Service Law § 75, but merely consisted of a warning. We reverse.

Civil Service Law § 75 clearly provides, *inter alia,* that an employee may not be subjected to a disciplinary reprimand without a formal hearing and other due process safeguards *(see,* Civil Service Law § 75 [1]-[3]). The school district correctly observes that documents such as critical administrative evaluations or admonitions which are intended to warn or instruct a given employee may be placed in the employee's file without resort to a formal hearing *(see, Holt v Board of Educ.,* 52 NY2d 625; *Matter of Heslop v Board of Educ.,* 191 AD2d 875; *Matter of O'Connor v Sobol,* 173 AD2d 74; *TeBordo v Cold Spring Harbor Cent. School Dist.,* 126 AD2d 542; *Tomaka v Evans-Brant Cent. School Dist.,* 107 AD2d 1078, *affd* 65 NY2d 1048). However, an evaluation of the relevant factors in this case *(see, Holt v Board of Educ., supra; Matter of Richardson,* 24 Educ Dept Rep 104), demonstrates that the document placed in Meyhoefer's file was a form of discipline intended to punish him for previous improper conduct. It is significant that the document was prepared by the school district's "Title IX Coordinator", who is in charge of investigating claims of sex discrimination and sexual harassment. Moreover, the document bore the letterhead of the Superintendent of Schools, and was not merely an informal review by Meyhoefer's immediate or intermediate supervisor. The subject matter of the document also was extremely serious, inasmuch as it was entitled "Sex Discrimination Complaint", and the text referred to an investigation, findings of fact and an ultimate decision of the Title IX Coordinator that Meyhoefer should be reprimanded for his statements and actions of December 10, 1990. Furthermore, the letter provided that the matter would be resolved, *inter alia,* by "the filing of this formal reprimand within your personnel file". While no single factor is determinative, the identity of the author, the subject matter of the document, the official investigatory tenor of the material, the characterization of the document as a "formal reprimand", and its focus upon punishing Meyhoefer's prior behavior rather than warning or instructing him as to future matters all demonstrate that the document is in fact a disciplinary reprimand subject to the due process requirements of Civil Service Law § 75 *(see, e.g., Matter of Richardson, supra).* The school district's contention to the contrary is unpersuasive, especially in view of the admission in its answer that a "penalty" in the form of "a written reprimand to be included in [Meyhoefer's] personnel file" was imposed.

Inasmuch as Meyhoefer was disciplined within the meaning of Civil Service Law § 75 without receiving the due process protections afforded by that statute, the determination to reprimand him must be annulled and the disciplinary reprimand must be expunged from his personnel file. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.