■ CHARLENE MYERS, Respondent, v CHESTER UNION FREE SCHOOL DISTRICT, Appellant, et al., Defendants. [750 NYS2d 873] —In an action, inter alia, to recover damages for defamation, the defendant Chester Union Free School District appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Orange County (Pano Z. Patsalos, J.H.O.), dated September 25, 2001, which, after a nonjury trial, inter alia, directed it to expunge a certain letter from the plaintiff's personnel file.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff is a tenured teacher with the appellant school district. She contends that a letter was placed in her personnel file critical of various aspects of her conduct and job performance without affording her the requisite due process protections provided by statute (*see* Civil Service Law § 75; Education Law § 3020-a). In the judgment appealed from, the Supreme Court, inter alia, ordered the letter expunged from her personnel file. We affirm.

Contrary to the appellant's contention, the letter cannot be properly characterized as a *Holt* letter (*see Holt v Board of Educ. of Webutuck Cent. School Dist.,* 52 NY2d 625; *Matter of Civil Serv. Empls. Assn. v Southold Union Free School Dist.,*

204 AD2d 445). Thus, the Supreme Court properly ordered the letter expunged from the plaintiff's personnel file (*see Matter of Civil Serv. Empls. Assn. v Southold Union Free School Dist., supra*).

The appellant's remaining contentions are either unpreserved for appellate review or do not warrant reversal. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.