■ In the Matter of PAULINE M. RILEY et al., Respondents, v VILLAGE OF PITTSFORD ZONING BOARD OF APPEALS et al., Appellants, et al., Respondent. [849 NYS2d 366]—

Appeals from an amended judgment (denominated amended order and judgment) of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), entered February 2, 2007 in a CPLR article 78 proceeding. The amended judgment granted the petition and annulled the determinations of respondent Village of Pittsford Zoning Board of Appeals dated June 26, 2006 that, inter alia, granted an area variance to respondent ESL Federal Credit Union.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously modified on the law by dismissing the petition in part and reinstating the determination with respect to the area variance and as modified the amended judgment is affirmed without costs.

Memorandum: Respondents-appellants (respondents) appeal from an amended judgment annulling the determinations of respondent Village of Pittsford Zoning Board of Appeals (ZBA) granting an area variance reducing the number of parking spaces required on the property at issue and concluding that no use variance was required for respondent ESL Federal Credit Union (ESL) to install and operate a remote teller on the property. We note at the outset that we agree with respondents that Supreme Court erred in addressing any issues concerning the State Environmental Quality Review Act ([SEQRA] ECL art 8) in annulling the determination with respect to an area variance. Village Law § 7-712-c (1) provides that a party may seek review of the determination of a village board by way of a proceeding pursuant to CPLR article 78 and, pursuant to Village Law § 7-712-c (4), the court in such a proceeding "may reverse or affirm, wholly or partly, or may modify the decision brought up for review determining all questions which may be presented for determination" ([4]). Here, petitioners presented no SEQRA issues in their petition and thus waived any such issues (*see generally Matter of Miller v McMahon*, 240 AD2d 806, 807-808 [1997]; *Matter of Malverne Union Free School Dist. v Sobol*, 181

AD2d 371, 377 [1992]; *Matter of Cocozzo v Ward*, 162 AD2d 202, 203 [1990]; *Matter of David v Christian*, 134 AD2d 349, 350 [1987]).

We further agree with respondents that the court erred in annulling the ZBA's determination with respect to the area variance for the parking spaces, and we therefore modify the amended judgment accordingly. The reduction in the number of parking spaces permitted by the area variance, from 30 to 28, was not substantial, and the determination to grant the variance had a rational basis and was supported by substantial evidence, i.e., an independent parking analysis commissioned by the ZBA (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612-613 [2004]; *Matter of Fuhst v Foley*, 45 NY2d 441, 444-445 [1978]; *Matter of Conway v Town of Irondequoit Zoning Bd. of Appeals*, 38 AD3d 1279, 1280 [2007]).

We further conclude, however, that the court properly concluded that the ZBA's determination that no use variance was required for ESL to install and operate a remote teller on the portion of the property zoned for residential use does not have a rational basis and is not supported by substantial evidence. The former owner of the property had obtained a use variance allowing the portion of the property zoned for residential use to be used as a parking lot. Thus, at the time of ESL's application to the ZBA for a new or modified use variance, the existing variance allowed for a specific use of the residential portion as a parking lot. Although we acknowledge that, pursuant to section 210-73 of the Code of the Village of Pittsford, ESL is permitted to use up to 25% of the residential portion for a business purpose as a matter of right, we conclude that ESL's use of part of the remaining 75% of the residential portion for a queuing line for the remote teller constitutes a new commercial use of that portion. "[A]ny change to a different commercial use in the residential district requires a new variance" (*Matter of Borer v Vineberg*, 213 AD2d 828, 830 [1995]; *see generally Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville*, 98 NY2d 683, 684-685 [2002]). We thus conclude that the ZBA acted arbitrarily in determining that a new or modified use variance was not required.

We have examined respondents' remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Fahey, Green and Pine, JJ.