■ In the Matter of NATHANAEL WEINBERGER, Appellant, v ELMSFORD UNION FREE SCHOOL DISTRICT et al., Respondents. [995 NYS2d 203]—

In a proceeding pursuant to CPLR article 78, inter alia, to direct the respondent Elmsford Union Free School District to remove a certain letter dated February 3, 2011, from the

petitioner's personnel file, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lorenzo, J.), entered December 23, 2011, which denied the petition, and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In New York, a tenured teacher may not be "disciplined" without being afforded the procedures set forth in Education Law § 3020-a, which requires that formal charges first be referred to the board of education for a determination of probable cause, after which the teacher is given written notice of the charges and an opportunity for a hearing (Education Law § 3020; *see* Education Law § 3020-a). However, section 3020-a does not "insulat[e] tenured teachers from all written critical comment from their supervisors" (*Holt v Board of Educ. of Webutuck Cent. School Dist.*, 52 NY2d 625, 632 [1981]). While a formal disciplinary reprimand may not be issued without compliance with section 3020-a, a critical "administrative evaluation" may properly be included in a teacher's personnel file without resort to such procedures (*Holt v Board of Educ. of Webutuck Cent. School Dist.*, 52 NY2d at 634-635).

Here, the letter the petitioner sought to have removed from his personnel file "[fell] within [the] permissible range of administrative evaluation," and the respondent Elmsford Union Free School District did not act unlawfully in making it part of the petitioner's personnel file without complying with Education Law § 3020-a (*Holt v Board of Educ. of Webutuck Cent. School Dist.*, 52 NY2d at 633; *see Matter of O'Connor v Sobol*, 173 AD2d 74, 77 [1991]; *TeBordo v Cold Spring Harbor Cent. School Dist.*, 126 AD2d 542, 543 [1987]; *cf. Matter of D'Angelo v Scoppetta*, 19 NY3d 663, 669-670 [2012]; *Myers v Chester Union Free School Dist.*, 300 AD2d 287 [2002]; *Matter of Civil Serv. Empls. Assn. v Southold Union Free School Dist.*, 204 AD2d 445, 446 [1994]). Accordingly, the Supreme Court properly denied the petition, and, in effect, dismissed the proceeding.

The parties' remaining contentions have been rendered academic in light of our determination. Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.