Van Vooehis, J.
Respondent is an honorably discharged veteran having served in the First World War. In 1942 he was appointed by the District Attorney of Kings County to the position of county detective. This office is created in the Counties of Bronx and Kings and its powers defined by section 938 of the County Law. In 1954, at the time of a classification by the State Civil Service Commission of the positions of employment in the District Attorney’s office, there were 11 county detectives. Their duties are enumerated in section 938 of the County Law as being “ to preserve order, to examine all papers and processes issued from such offices, to serve all papers and processes issued from such office, to examine all bench warrants and orders of arrest in criminal cases, and to perform such other duties as may from time to time be required of them by such district attorney. Such officers may be authorized to act as deputy sheriffs by the sheriff of the City of New York to assist in preserving the peace. Such officers shall hold office during the pleasure of the district attorney.”
The volume and variety of the work had increased so that it was no longer possible for any of the county detectives to perform all of the duties of that position as defined by section 938 of the County Law. There, as elsewhere, specialization had become the order of the day. Since 1947 respondent had ceased *110 to be an investigator or to do anything but serve process, to which he was exclusively assigned by the District Attorney. Seven of the other county detectives made investigations or did detective work, one supervised those seven, another interviewed complainants concerning possible criminal prosecutions, and the remaining one interviewed witnesses and gathered evidence in preparation for trial or grand jury examination. These were the functions which the Civil Service Commission found being performed by the county detectives in the District Attorney’s office.
The commission (acting under Civil Service Law, § 10), as is pointed out in the dissenting opinion by Presiding Justice Nolan at the Appellate Division, classified these county detectives according to the duties which had been regularly assigned to them, and gave to each an appropriate title. Respondent and most of the others were covered into the competitive class (Matter of Sugden v. Partridge, 174 N. Y. 87; Matter of Fornara v. Schroeder, 261 N. Y. 363, 368). Their successors in these positions, unlike themselves, will be obliged to submit to competitive examination. These resolutions by the State Civil Service Commission were approved by the Governor and filed with the Department of State on September 23, 1954.
Respondent’s position in this lawsuit is based entirely upon whatever rights he derives from section 22 of the Civil Service Law. This section prevents a war veteran or volunteer fireman “ holding a position by appointment or employment ” from being ‘1 removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges ”. It also provides for transferring the incumbent to another position if the position held is abolished. Respondent claims to have been removed from the position of county detective in Kings County, for the reason that under the civil service classification the District Attorney is no longer at liberty to direct him to perform other duties enumerated in section 938 of the County Law than the serving of process. He claims especially to be aggrieved at not having been assigned to the work of ‘ ‘ detective investigator ’ ’, which is the title given by the classification to those county detectives who are assigned to detective and investigation work. If his grievance were well *111 founded, it would follow that the detective investigators would likewise be aggrieved at being prevented from serving process. Such a grievance would seem to be more substantial, inasmuch as respondent’s salary range as process server is from $4,550 to $5,990 per annum, whereas the salary range of the detective investigators under the classification is only from $4,250 to $5,705. It is true that under the classification, one position was called senior detective investigator, to supervise the detective investigators, having a somewhat higher salary range. Respondent is not rendered eligible for promotion to that position, although he is eligible for promotion to a higher position known as “ supervising process server ” to which the detective investigators are not eligible.
Respondent’s complaint is simply that under this civil service classification he is prevented from being assigned by the District Attorney to work to which he was not assigned at the time of the classification, and to which he could never have been assigned except in the discretion of the District Attorney. He is not placed on complete equality with the other county detectives, to be sure. Neither are they placed oh equality with him. It seems to be implied in respondent’s position that classification is not precluded of itself, but that it has to be reasonable and nondiscriminatory. But distinctions of this kind are inherent in classification. The wdrk encompassed by the duties of county detectives as expressed in section 938 of the County Law has become too extensive and diversified for all kinds to be performed by any one incumbent. None of the 11 county detectives performed all varieties of work pertaining to the office at the time when this classification became effective. The different incumbents were bracketed into the different classifications as nearly as might be done in accordance with the duties which they were performing at the time when the classification occurred. Unlike the situation in Matter of Meenagh v. Dewey (286 N. Y. 292), petitioner did not perform work outside of that covered by the title of his position as county detective. Instead of doing more diversified work than pertains to that title, he was doing less. So, also, were all of the other 10 county detectives. In the regular performance of its functions, the Civil Service Commission crystalized the system as it was in opera *112 tion, dividing and apportioning the duties and functions of the office (as they are enumerated in County Law, § 938) among the county detectives in the District Attorney’s office.
Respondent never had a legal right to be assigned by the District Attorney to perform all of the duties of a county detective. He had to do what the District Attorney directed. For seven years before this classification took effect, the duties assigned to him had been limited to serving process. The civil service classification did not change the nature of respondent’s work, but merely systematized the work in the District Attorney’s office according to á pattern which had already been worked out. The specialization had taken place before the classification, which formalized what had occurred.
This does not signify that respondent has been removed from the office of county detective, or that his salary has been reduced or his position abolished. Removal and abolition of the position are the only things against which he is protected by section 22 of the Civil Service Law. His salary has been increased; he continues to perform duties pertaining to the position. He has lost no security of tenure. If his position were to be abolished in the future, he would have to be transferred under section 22 to another position for which he is qualified. If he were made a detective investigator, as he is under the order appealed from, there would be too many detective investigators, and one of those positions, at least, would have to be abolished. If respondent’s position were the one to be abolished, he could then be transferred to process serving. He can hardly claim to be aggrieved at being denied a position or promotional rights having their origin in a classification which he asserts to be null and void. This classification is not without rational basis and is upheld (People ex rel. Schau v. McWilliams, 185 N. Y. 92).
The order appealed from is reversed and the petition dismissed, without costs.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Burke concur.
Order reversed, etc.