Bebgah, J.
Petitioner was a policeman in the Port Washington Police District, a special district in the Town of North Hempstead, Nassau County. He is an honorably discharged *442 member of the Armed Forces, having served therein in time of war. He was removed from his position as police officer on April 15, 1963 by respondent commissioners of the district for physical incapacity. He was not given a hearing and, indeed, was not notified that the commissioners were acting in his removal until it had been accomplished.
Although the specific statute under which the petitioner was removed (Nassau County Civil Divisions Act [L. 1939, chs. 273, 710-717, as amd.], § 315.0, subd. b) does not require a hearing, the general provisions of paragraph (b) of subdivision 1 of section 75 of the Civil Service Law expressly providing for a hearing apply to petitioner’s case (cf. L. 1940, ch. 834, § 1).
The reason petitioner’s proceeding for review of the commissioners’ action has been dismissed by the Special Term and the Appellate Division is that petitioner in his petition did not dispute his inability to perform fully all of the duties of a policeman; but alleged that an injury sustained in the course of duty had impaired his physical ability and that he is 1 ‘ willing and able to perform light police work and duties ”.
Thus, it was concluded by the court that since petitioner does, not show that he can perform all the duties of the position which he held, there is no reason for a hearing and his removal by the commissioners without a hearing in violation of the law does not justify judicial relief.
But the statutory purpose to require a hearing cannot be given so categorically a negative answer in this case. One function of a hearing is to permit the person affected to present grounds for the consideration of the administrative officer of alternative action and to advise the administrator as to what may be a just solution.
That the administrator may in the end rule on the merits against the person entitled to the hearing or that he may have good enough ground to do so are not sufficient reasons to preclude a statutory right to tell the administrator that his decision should be the other way.
Statutes requiring hearings in civil service removals do not depend for their operative effect on good grounds shown to resist the removal. They are operative without regard to the merits; and since the statute here clearly entitled petitioner to a hearing he should have been given one before he was removed.
*443 An examination of the underlying merits of this case makes it clear why the right of petitioner to a hearing should not be answered categorically; and why a hearing might serve a useful purpose both to the district and to the petitioner, whether or not it is determined in the end he should be removed, a question which, of course, we do not and cannot reach on this appeal.
Petitioner alleges that he sustained a back injury in the course of his work as a policeman while attempting to push an automobile in December, 1958. The accidental nature of this injury arising from the employment is denied in the answer of the commissioners, but the medical reports of the commissioners’ examiners attached to the answer show a history of injury on the job as well as long-continuing physical consequences, including surgery for the removal of a herniated disc.
It is not disputed by the commissioners that following this treatment petitioner returned to the police work “ on a limited basis and more particularly performed light duties ”.
He was restored to full duty on November 16, 1962 and the police department record shows that on November 18, while on full duty and patrolling, petitioner complained of “ his leg collapsing ” and he was taken to a doctor and ordered to the hospital.
At the suggestion of his superior and of a physician who examined him for the commissioners, petitioner applied to the State Employees’ Retirement System for retirement, but this was disapproved by the State Comptroller on the ground that he was not physically incapacitated “ as the natural and proximate result of an accident sustained in the service upon which his membership is based ’ ’.
If the true fact was, however, that petitioner did sustain an accidental injury in the course of employment and the effects of this disability continued to the time of his removal, the commissioners might, in fairness, be moved on hearing the petitioner to consider other alternatives in the light of the State Comptroller’s denial of retirement benefits.
Such an adverse determination by the Comptroller as a trustee of the Retirement Fund is neither conclusive upon the question of the source or continuance of the disability nor binding on the commissioners as to what is fairly to be done in the petitioner’s case if, in fact, he continues to be partially disabled from per *444 forming all his duties in the police department as a result of injury while at work.
In an industrial employment, it would be expected in such circumstances, on proper proof, that the employer or carrier would be required to make some provision for permanent or temporary partial disability as the case might be.
It is manifest that the recent policy of the Legislature has been to afford a similar scope of protection for firemen and policemen injured on duty. Only very thin, and almost fortuitous, circumstance denies literal application of this policy to the petitioner’s case.
A detailed statute now governs such a situation as the petitioner’s, including noneligibility for retirement benefits, and provides for equitable arrangements in the case of partial or total disability. (General Municipal Law, § 207-c.) But since this statute was not effective until 1961, after the accident here (although during the disability) it has been held inapplicable to petitioner’s case.
Even though, as it has been held, this statute does not literally affect petitioner’s claim, it does express a public policy operative during petitioner’s disability and closely contemporaneous with his injury which the commissioners, if they are so persuaded at the hearing, could recognize.
The hearing, mandated by statute, therefore, may serve a useful purpose in this case and it should be afforded.
The order should be modified by granting so much of the petition as requests a hearing and, as thus modified, affirmed, without costs.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Keating and Breitel concur.
Ordered accordingly.