■ ALFRED ENGEL, Appellant, v CITY OF NEW YORK et al., Respondents. WILLIAM B. PRESSMAN et al., Appellants, v CITY OF NEW YORK et al., Respondents.—Judgments, Supreme Court, New York County, entered June 29, 1977, dismissing the complaints after a consolidated nonjury trial, unanimously modified, on the law, to the extent of striking the decretal paragraph dismissing the complaint and declaring the rights of the parties (*Lanza v Wagner,* 11 NY2d 317, 334), and otherwise affirmed, without costs or disbursements. The court, *sua sponte,* grants leave to appeal to the Court of Appeals. Plaintiffs in both actions were employees of the New York City civil service who had competed successfully in New York City civil service promotional examinations but complain, *inter alia,* that there was a violation of the "one-in-three rule" (Civil Service Law, § 61, subd 1), and that provisionals were being retained in titles for which civil service employees had successfully competed, contrary to section 65 of the Civil Service Law. We agree with the reasoning of Trial Term that there was no violation of the "one-in-three rule" regarding plaintiff Engel. Furthermore, we note that the plaintiffs Pressman, Okin, and Gouvier were appointed based on the examination they took. We agree with Trial Term's finding that the managerial plan of the City of New York, which allows for specific assignments within a grade to be left to the discretion of the department head, is neither novel nor violative of statute (cf. *Matter of Mandle v Brown,* 5 NY2d 51). Our only modification of the judgment, therefore, is to declare that the exercise of the "one-in-three rule" as applied to Engel was not violative of law; that Engel is not entitled as of right to a higher salary for that position; that Engel is not entitled to judgment for damages; that Pressman, Okin, and Gouvier are not entitled as of right to be promoted to a position with the title "Administrative Engineer," "Principal Budget Examiner," or "Principle Methods Analyst"; and they are not granted judgment for damages. Settle order. Concur—Kupferman, J. P., Birns, Evans and Lane, JJ.