■ Patrick Lenihan et al., Appellants, v City of New York et al., Respondents. — Order, Supreme Court, New York County (Blangiardo, J.), entered June 23, 1981, which, *inter alia,* (i) denied the branch of defendants' motion to dismiss the portion of the complaint seeking to annul the implementation of the resolution, and (ii) directed the joinder of necessary parties, modified, on the law, by (i) granting that branch of the motion to dismiss, and (ii) vacating the direction to join necessary parties, and, as modified, affirmed, without costs. Plaintiffs brought this proceeding for a judgment declaring resolution 79-14 of the Department of Personnel to be unconstitutional and for related relief. The resolution should have been challenged through a CPLR article 78 proceeding. Therefore, this action, insofar as it challenges the resolution, will be treated as an article 78 proceeding. (CPLR 103, subd [c].) Since the proceeding was not brought within four months after the resolution was adopted on March 21, 1979, it must, *pro tanto,* be dismissed as untimely. (CPLR 217; *Matter of Frohlinger v D'Ambrose,* 53 AD2d 580.) The plaintiffs maintain, as an additional point, that the oral test was not competitive under section 6 of article V of the New York Constitution. An oral examination may be given in an appropriate circumstance. (*Matter of Fink v Finegan,* 270 NY 356, 362.) The plaintiffs have not shown in their supporting papers that the two oral questions did not objectively test the examinees nor have they shown that the answers were not competitively graded by the examiners. Thus, we find no merit to this portion of the complaint. With regard to the plaintiffs' claim that the reclassification is actually a reorganization, recent decisions have permitted a department head the discretion to make specific assignments within a grade level. (*Engel v City of New York,* 66 AD2d 715, affd 50 NY2d 861; *Matter of Richman v Koch,* Supreme Ct, N. Y. County, June 8, 1979, Kassal, J., affd 76 AD2d 1043 [consolidation and broadbanding of certain engineering titles upheld].) Consequently, we find no validity to the contention that certain members of the new warden title are being improperly promoted or demoted. Finally, let it merely be stated that we find the language of subdivision b of section 623(4)-5.2 of the Administrative Code of City of New York broad enough to countenance the elimination of the four prior titles and the creation of the new title encompassing those eliminated titles. The director of personnel and individual department heads must be given some flexibility in eliminating and creating positions in their ongoing attempt to improve the personnel system. Because the entire complaint is being dismissed, there is no

need to join necessary parties and that portion of the order appealed from is vacated accordingly. Concur — Murphy, P. J., Sandler, Sullivan, Ross and Lynch, JJ.