■ In the Matter of LINDA M. BELL, Respondent, v COUNTY OF WARREN, Appellant, et al., Respondents. — Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Mercure, J.), entered May 14, 1984 in Warren County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to be reinstated to her former position as social work assistant for respondent County of Warren with back pay retroactive to the date of her removal.

Petitioner began working in a clerical capacity for the Warren County Department of Social Services in 1968. She later became a hospital aide at one of the County health facilities, and the title of that position was subsequently changed to social services aide. Petitioner was asked by her employer to complete a job classification questionnaire which resulted in her position being subsequently reclassified on the basis of the work she was actually performing. Her title was changed to that of social work assistant effective May 1981. The new title fell within the competitive class.

Petitioner was informed that it was necessary for her to pass a civil service examination in order to retain her position as social work assistant. She took the required examination on two occasions and failed both times. Consequently, the County informed her that she could no longer be employed as a social work assistant. Petitioner was given the option of terminating her employment with the County or accepting a lower paying position. She accepted the lower position while continuing to pursue her claim to the social work assistant position.

Petitioner initiated the instant proceeding, asserting that since she had been an incumbent in a noncompetitive position, later classified as competitive, she should have been "covered-in". Petitioner's employer, respondent Westmount Health Facility, rejected her claim, noting a lack of authority to reverse a civil service determination. The County argued that petitioner was not entitled to CPLR article 78 relief since she had failed to exhaust her administrative remedies. Additionally, the County took the position that petitioner was not eligible to be "covered-in" since her appointment as a social work assistant was provisional. Special Term found that petitioner should be "covered-in". The County appeals from that determination.

We agree with Special Term's decision that petitioner was "covered-in" to the position of social work assistant. The record reveals that petitioner in the instant case was in a position not significantly different from that of the petitioner in *Matter of Clare v Silver* (4 NY2d 107). In *Matter of Clare,* the Court of Appeals took cognizance of the concept of "covering-in" where established noncompetitive jobs were reclassified and made competitive (*see, id.,* p 110).

Petitioner was an incumbent in the noncompetitive position of social services aide which was under review for classification purposes. An affidavit in the record by the County's personnel officer stated that the position of social services aide was officially classified as social work assistant based upon duties actually being performed by petitioner. Thus, the position of

social services aide was reclassified under the new title of social work assistant in the competitive service on the basis of the very duties which petitioner herself was performing as a noncompetitive employee prior to reclassification (*see, Matter of Center v McCoy,* 35 AD2d 1056, 1057, *lv denied* 29 NY2d 482).

Clearly, petitioner is "covered-in" to the social work assistant position since "[t]he [Civil Service] commission [can] not, by reclassifying positions and placing them in the competitive class, remove the persons then legally occupying the positions, nor could it require said persons to pass examinations in order to retain their positions" (*Matter of Kinsella v Kern,* 168 Misc 847, 848, *affd* 254 App Div 834, *lv denied* 278 NY 739).

We reject the County's contention that petitioner was provisionally appointed to the social work assistant title. Although the County contends that petitioner was a provisional appointee, there is no indication in the personnel records of any action taken by the County appointing petitioner pursuant to the provisions of Civil Service Law § 65. The record on appeal does support Special Term's decision in determining petitioner's status as having been "covered-in".

Implicit in our decision, of course, is the fact that we, as did Special Term, reject the County's contention that petitioner was required to exhaust her administrative remedies in the instant case (*cf. Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.