■ In the Matter of DAVID NALIBOFF et al., Appellants, v HERBERT W. DAVIS et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review determinations of the respondents dismissing the petitioners from their positions as emergency service dispatchers, the appeal is from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated September 11, 1986, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner George Ruse was hired by the Suffolk County Department of Fire Rescue and Emergency Services as a radio operator on March 26, 1973. In this position, his duties included transmitting calls to volunteer fire departments and mobile units of the police department, directing them to areas requesting their aid and notifying them of the nature of the incident. The petitioners David Naliboff and Elizabeth Bradnick were hired in 1975 in the competitive position of medical emergency dispatcher I (hereinafter MED I). In that position, they were required to answer "911" calls and serve as radio dispatchers.

In 1978, the Department of Civil Service classified the radio operator and MED I positions into a single position called emergency services dispatcher I (hereinafter ESD). As a special requirement for this position, all candidates were required to possess an emergency medical technician (hereinafter EMT) certificate. In 1981, an amended job specification was issued for the position of ESD requiring that all appointees maintain a valid certificate throughout their employment. All three petitioners possessed the requisite certification at the time the positions were reclassified and continued to secure recertification. However, Ruse's certification lapsed on August 31, 1982, Naliboff's expired on March 31, 1986 and Bradnick's certification terminated on May 31, 1986.

In accordance with the Civil Service Law § 75 written charges were preferred against Ruse and Naliboff for their failure to acquire recertification. Both of these petitioners were subsequently removed from the county payroll on May 9, 1986. On May 29, 1986, petitioner Bradnick was advised that

unless she provided proof of possession of a new certificate to replace the one which expired on June 1, 1986, she would be removed from the payroll. Her certification lapsed and she was also removed.

By amended petition dated June 11, 1986, the petitioners commenced the instant proceeding seeking reinstatement and back pay. The petition was dismissed by the Supreme Court, Suffolk County, and the petitioners appeal.

Initially, we reject the petitioners' contention that they were improperly denied their right to a hearing. Pursuant to Civil Service Law § 75 certain classes of employees including the petitioners are protected from being removed or otherwise subjected to any disciplinary penalty except for misconduct or incompetency shown after a hearing upon stated charges. We conclude under the circumstances of this case that a hearing was not necessary since the petitioners do not deny that their EMT certifications have lapsed, as a consequence of which they were no longer qualified for their positions, and there exists no factual issues to be explored at a hearing.

We further reject the petitioners' argument that even if they were not entitled to a hearing, they were "covered in" to the reclassified position and, therefore, could not be discharged for their failure to maintain EMT certification. The concept of "covering in" was designed to offer protection to an employee in a noncompetitive job whose position is reclassified and made competitive (see, e.g., Matter of Clare v Silver, 4 NY2d 107, 110; Matter of Bell v County of Warren, 111 AD2d 428). However, in the case at bar, the petitioners were not required to pass an examination to be appointed to the reclassified title. Rather, they met all of the requirements for the newly classified position including the holding of EMT licenses. Thus, the rationale for "covering in" simply does not exist in the case at bar as the petitioners were not forced into a position under circumstances in which they did not initially meet the job specifications (see, e.g., Matter of Bell v County of Warren, supra). We have also reviewed the petitioners' arguments that they were protected from dismissal pursuant to Civil Service Law § 100 (5) and § 121 (3) and find them to be inapplicable to the case at bar.

Finally, the issue of whether the county could require ESD personnel to possess and maintain valid EMT certification is not properly before this court. This job requirement was the subject of a PERB proceeding which was dismissed as untimely. Subsequently, no appeal was taken from the administrative decision although the petitioners had a right to do so

*(see,* Civil Service Law § 213 [a]). Thus, they are foreclosed from litigating the issue on this appeal. Thompson, J. P., Niehoff, Sullivan and Harwood, JJ., concur.