OPINION OF THE COURT
 

 Smith, J.
 

 The primary issue here is whether Civil Service Law §§ 52 and 63 required a competitive examination before respondents were advanced from the position of Transit Property Protection Supervisor Level I to Transit Property Protection Supervisor Level II. Because the Appellate Division properly held that the assignment to the duties at either of two levels within a permanent civil service title is reasonable and is neither a promotion nor a demotion, we affirm.
 

 In this CPLR article 78 proceeding, petitioners are New York City Transit Authority employees assigned as Transit Property Protection Supervisors Level I who were eligible for but were not assigned to the position of Transit Property Protection Supervisor Level II. The individual respondents were assigned to the position Transit Property Protection
 
 *697
 
 Supervisor Level II without taking an additional civil service examination. Petitioners seek an order which voids and nullifies alleged promotions of the individual respondents. Petitioners seek further to require the Director of Personnel of the City of New York to develop, administer and grade a competitive examination for the position of Transit Property Protection Supervisor Level II pursuant to Civil Service Law § 52.
 

 By a Department of Personnel resolution dated December 31, 1986, the title Transit Property Protection Supervisor (TPPS) was created, incorporating two assignment levels into one title. To qualify for a position under the TPPS title, an individual must complete and pass a competitive promotional civil service examination. All petitioners and respondents have attained the TPPS title. Movement from Level I to Level II within the TPPS title requires no written examination. Assignment between levels is at the discretion of the Transit Authority, depending upon its needs.
 

 Finding that the Transit Authority and the City neither exceeded the bounds of the law nor violated the petitioners’ rights, Supreme Court dismissed the petition. The court found that assignments to positions with higher salary differentials within the same grade are not novel, do not violate any statute and do not necessarily constitute a promotion.
 

 The Appellate Division affirmed, citing
 
 Lenihan v City of New York
 
 (85 AD2d 562,
 
 affd on other grounds
 
 58 NY2d 679), for the proposition that a competitive examination is not required for the reassignment of a TPPS from a Level I to a Level II position. Finding no new skills or tasks involved in the duties at either level, and finding further that neither a promotion nor a demotion was involved, the Court concluded that at the discretion of the Transit Authority, an individual properly appointed to the permanent civil service title of Transit Property Protection Supervisor may be assigned duties at either level.
 

 Petitioners contend that the classification of the position "Line Supervisor” (Transit Property Protection Agent) to "Transit Property Protection Supervisor,” creating two levels (I and II) within the position with a corresponding increase in salary, effectively created two grades within one title. Petitioners maintain further that an individual "assigned” to TPPS Level II would in reality receive a promotion, requiring examination under the Civil Service Law and Public Authorities Law § 1210.
 

 
 *698
 
 The respondents allege that reassignment from Level I to Level II is not a promotion because it does not involve a change of title, only a change of level, does not require the application of any new skills or new tasks different from the Level I assignment, but rather involves only a greater degree of responsibility and oversight by the individual at Level II.
 

 The Transit Authority’s decision to reassign individuals from TPPS Level I to TPPS Level II was reasonable and within its discretion. Although the primary duties and degree of skill required for Level I and Level II are essentially the same, the Transit Authority has stated that the decision to assign an individual to Level II encompasses an appraisal of abilities and temperaments not easily quantifiable for purposes of an objective written examination. The Transit Authority properly exercised its discretion to assign some TPPS personnel from Level I to Level II, based on its ability to observe individuals at work.
 

 We hold that individuals within the grade of Transit Property Protection Supervisor may be assigned to duties at either Level I or Level II and such assignment between levels constitutes neither a promotion nor a demotion under the Civil Service Law.
 

 New York Constitution, article V, § 6 and Public Authorities Law § 1210 require promotion in the civil service be made according to merit and fitness by competitive examination. Civil Service Law § 52 (9)
 
 *
 
 is not violated by the assignment from TPPS Level I to TPPS Level II because of the salary differential. The salary range encompasses assignment within both levels and does not exceed the salary limit fixed for the grade. Further, assignment between levels is not movement outside the grade and, accordingly, not a promotion within the meaning of Civil Service Law § 52 (9).
 

 The position of TPPS requires the successful completion of a competitive civil service examination. One exam evaluates the competency and tests the basic knowledge and skill required for both TPPS Level I and Level II. The difference in the positions appears to be the requirement at Level II of the assumption of more responsibility and accountability accompa
 
 *699
 
 nied by greater compensation. The reassignment or consolidation of assignments under a single title requiring completion of one single written competitive examination to be promoted to the title but no additional examinations to move within the title is termed "broadbanding” and has been held permissible by this Court
 
 (see, Matter of Sanger v Greene,
 
 269 NY 33;
 
 Matter of Green v Lang,
 
 18 NY2d 437;
 
 Lenihan v City of New York,
 
 85 AD2d 562,
 
 affd on other grounds
 
 58 NY2d 679,
 
 supra; Engel v City of New York,
 
 NYU, Apr. 5, 1977, at 10, col 5,
 
 affd as mod on other grounds
 
 66 AD2d 715,
 
 affd for reasons stated in App Div mem
 
 50 NY2d 861).
 

 In
 
 Matter of Green v Lang (supra)
 
 this Court upheld the City of New York’s reclassification of clerical employees into a single title from a classification which had divided the title into several narrower ones. Under a former title before the reclassification, the City possessed the flexibility to assign, upgrade and downgrade employees within the wide duty and salary boundaries. The Court additionally recognized that public policy allowed latitude to administrative officers to assign duties and fix salaries within a class broadly achieved by competitive examination (18 NY2d 437, 440-443).
 

 Consistent with the holding herein, this Court in
 
 Matter of Sanger v Greene (supra),
 
 indicated that while a transfer from one position within a grade to another in the same grade with more important duties and with larger salary is commonly regarded as a promotion in lay terms, it is not the statutory meaning of the term (269 NY 33, 41-42).
 

 Further, in
 
 Engel v City of New York (supra),
 
 the City’s Managerial Plan, which established the managerial title of administrative engineer with a number of assignment levels with salary differentials consistent with the difficulty of work involved in each assignment was upheld by the Appellate Division as well as by this Court. The plaintiffs argued that the City’s plan was a "mere subterfuge for promotions based on criteria other than merit,” and that assignments to positions with higher salary differentials within the grade were promotions. Supreme Court rejected the allegation and ruled that the change of assignment within the grade is a "horizontal movement within the grade”
 
 (id.,
 
 at 10, col 6). The Appellate Division held that the City’s Managerial Plan, "which allows for specific assignments within a grade to be left to the discretion of the department head, is neither novel nor violative of statute”
 
 (id.,
 
 66 AD2d, at 715).
 

 
 *700
 
 Moreover, we are unpersuaded by petitioners’ contention that because respondents at Level II were required to serve a probationary period, their reassignment was a promotion under Civil Service Law § 63. That section requires an initial probationary period for every original appointment to a position in a competitive class and after every interdepartmental promotion from one department to another department before an individual attains permanent status. Both petitioners and respondents herein were already permanent employees within the meaning of Civil Service Law § 63. The initial period after an assignment to Level II during which the Transit Authority referred to employees as probationary did not constitute a second probationary period within the meaning of the Civil Service Law. The statutory probationary period was served when they became Level I employees. Although the Civil Service Law requires a period of probation corresponding with a promotion or original appointment, contrary to petitioner’s argument, that the Transit Authority imposed a period of probation in connection with the reassignment to TPPS Level II, does not necessarily mean that a promotion was involved. Further, individuals assigned to TPPS Level II may, at the discretion of the Transit Authority, be reassigned to TPPS Level I.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order affirmed, with costs.
 

 *
 

 Civil Service Law § 52 (9) provides: "9. Increase in salary as a promotion. For the purposes of this section an increase in the salary or other compensation of any person holding an office or position within the scope of the rules in force hereunder,
 
 beyond the limit fixed for the grade
 
 in which such office or position is classified, shall be deemed a promotion” (emphasis added).