■ In the Matter of COLLETTE CAMPBELL, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [677 NYS2d 632] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, New York City Transit Authority, dated August 16, 1996, which reassigned the petitioner from her position of Supervisor (Stations) Level II to Supervisor (Stations) Level I, the petitioner appeals from a judgment of the Supreme Court, Kings County (Demarest, J.), entered April 23, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the petition is granted to the extent of remitting the matter to the respondent for a hearing pursuant to Civil Service Law § 75.

Civil Service Law § 75 (1) provides that no permanent employee may be "subjected to any disciplinary penalty * * * except for incompetency or misconduct shown after a hearing upon stated charges". Disciplinary penalties include a reprimand, a fine not to exceed $100, suspension, demotion in grade and title, or dismissal from service (see, Civil Service Law § 75 [3]).

The petitioner is a permanent employee who held the position of Supervisor (Stations) Level II from April 1986 until August 17, 1996. On August 15, 1996, the petitioner's supervisor suspended her for allegedly raising her voice in front of customers, behaving disruptively, and twice refusing to write a statement regarding the incident for placement in her personnel file. In a subsequent interview with Charles Glasgow, the respondent's Director of Labor Relations for Subways, the petitioner disputed her supervisor's account of the event. Nevertheless, by memorandum dated August 16, 1996, Glasgow informed the petitioner that she would be downgraded from Level II to Level I, effective August 17, 1996, because her "actions of August 15, 1996 constitute[d] insubordination". As a result of the downgrade, the petitioner's annual salary was reduced from $63,000 to $47,000, and she lost her seniority rating, together with other benefits associated with her Level II title. The petitioner's request for a hearing was denied by the Senior Director of Labor Relations in a letter dated September 9, 1996, in which the respondent asserted for the first time that the reassignment of the petitioner had not been a disciplinary matter, but rather a discretionary transfer between levels based upon "an overall assessment".

On appeal, the respondent contends that, following an internal reorganization authorized by New York City Department of Personnel Resolutions 84-15 and 84-21 in 1984, Supervisor (Stations) Level II and Level I positions were consolidated into a single grade and title. Since Civil Service Law § 75 (3) refers to the penalty of "demotion in grade and title", the petitioner's transfer was not technically a "demotion" and consequently, according to the respondent, was not a "penalty" for which a hearing was required (see, Matter of Kitchings v Jenkins, 85 NY2d 694). We disagree.

In Matter of Kitchings v Jenkins (supra), the Court of Appeals held that the respondent could transfer employees from

Supervisor Level I to Supervisor Level II without competitive examination, because such a transfer did not constitute a promotion as defined in Civil Service Law § 52 (9), which states that "an increase in the salary or other compensation * * * beyond the limit fixed for the grade in which such office or position is classified, shall be deemed a promotion". The court further held that "assignment between levels constitutes neither a promotion nor a demotion under the Civil Service Law" (*Matter of Kitchings v Jenkins, supra,* at 698). However, that referred to transfers based upon "an appraisal of abilities and temperaments not easily quantifiable for purposes of an objective written examination" (*Matter of Kitchings v Jenkins, supra,* at 698).

In the instant case, the petitioner was not transferred from Supervisor Level II to Supervisor Level I based upon an appraisal of her abilities and temperament in lieu of a written examination. Rather, it was based upon specific misconduct, for which she incurred the additional penalty of suspension and was reprimanded. The respondent may not take disciplinary action against a tenured civil service employee entailing reprimand or suspension, without affording the employee the procedural protection of Civil Service Law § 75. Accordingly, the matter is remitted to the respondent for a hearing pursuant to Civil Service Law § 75.

The petitioner's remaining contention is unpreserved for appellate review. Friedmann, J. P., Goldstein, Florio and Luciano, JJ., concur.