■ In the Matter of LINDA BAILEY, Appellant, v SUSQUEHANNA VALLEY CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Respondent. [714 NYS2d 389] —Carpinello, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered May 26, 1999 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent reclassifying petitioner to the status of unassigned school bus driver.

Petitioner, a school bus driver employed by respondent for

over 16 years, commenced this CPLR article 78 proceeding contending that her statutory rights were violated when respondent unilaterally demoted her from the permanent position of assigned driver—which entitled her to various benefits such as health insurance and seniority privileges—to that of unassigned driver without providing her with a written notice of charges and a hearing as required by Civil Service Law § 75. Petitioner's change in job status was based on allegations that she had accepted employment with a local post office which required her to work every Saturday and to be on call for work all other days. She was specifically accused of being "unavailable" to perform her regularly assigned bus routes on numerous occasions because of her obligations at this other job. Instead of disciplining petitioner for the misconduct of improperly absenting herself from work as a bus driver so she could work elsewhere, a practice which respondent characterized as "deceptive," respondent informed her by letter that it was *"willing* to place [her] on 'Unassigned Bus Driver' status" (emphasis supplied). This letter determination forms the basis of the instant proceeding.

Respondent's answer sought dismissal of the petition on the ground that it did not state a cause of action and denied that petitioner was demoted or disciplined in any way. Respondent claimed that petitioner was simply "reassigned" because she was unable to meet the minimum qualifications for the assigned driver position and that such reassignment did not invoke the procedural mandates of the Civil Service Law, citing *Matter of Naliboff v Davis* (133 AD2d 632, *lv denied* 71 NY2d 805).* Supreme Court agreed with respondent, found that Civil Service Law § 75 was inapplicable to the instant case and dismissed the petition.

Civil Service Law § 75 (1) provides that no permanent employee may be "subjected to any disciplinary penalty * *.* except for incompetency or misconduct shown after a hearing upon stated charges." Disciplinary penalties include a demo-

---

* At issue in *Naliboff v Davis* (*supra*, at 632) was the termination of emergency services dispatchers who were required to possess an emergency medical technician (EMT) certificate "[a]s a special requirement for [the] position" but failed for various reasons to acquire recertification. The Second Department rejected the contention that the petitioners were improperly denied a Civil Service Law § 75 hearing before removal (*see, id.,* at 633). The Court held, "[w]e conclude under the circumstances of this case that a hearing was not necessary since the petitioners do not deny that their EMT certifications have lapsed, as a consequence of which they were no longer qualified for their positions, and there exists no factual issues to be explored at a hearing" (*id.,* at 633).

tion in grade and title (*see,* Civil Service Law § 75 [3]). In order to "state a cause of action" in this proceeding, petitioner needed only to allege that she was demoted or disciplined in the absence of the procedural protections set forth in the statute (*see, Matter of Dombroski v Bloom,* 170 AD2d 805, 806), irrespective of any obvious wrongful conduct on her part. To the extent that respondent also claims that no "factual issues" have been raised in this proceeding warranting a hearing, we note simply that the right to a hearing under Civil Service Law § 75 (1) does not depend on the obviousness of an employee's misconduct or the seeming appropriateness of an employer's response to same (*see, Matter of Papasidero v Fasano,* 19 NY2d 440, 442).

While we recognize that one assigned to perform particular tasks during a scheduled work day clearly must be "available," petitioner's failure to report for work on any given day without an authorized excuse constitutes misconduct, subject to discipline under the Civil Service Law, which unavoidably requires a notice of charges and a hearing. An unauthorized absence does not render one "unqualified" for a position any more than any other misconduct. Accordingly, we are compelled to disagree with Supreme Court that the mandates of the Civil Service Law are inapplicable under the peculiar facts of *Matter of Naliboff v Davis* (*supra*).

Further, notwithstanding respondent's contention to the contrary, petitioner's "reassignment" resulted in a diminution in benefits and thus was a form of demotion and/or discipline requiring compliance with Civil Service Law § 75 (*see, Matter of Campbell v New York City Tr. Auth.,* 253 AD2d 813, *lv denied* 93 NY2d 805; *Matter of Civil Serv. Empls. Assn. v Southold Union Free School Dist.,* 204 AD2d 445; *Matter of Borrell v County of Genesee,* 73 AD2d 386). Since petitioner was demoted and/or disciplined within the meaning of the statute without receiving the due process protections it requires, the determination to reassign her must be annulled. Petitioner is hereby reinstated as a permanent bus driver pending further action in compliance with the statute (*see, Matter of Tanner v County of Nassau,* 88 AD2d 661).

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled and petition granted.