■ In the Matter of TIMOTHY KELLY, Appellant, v DWIGHT EVANS, Individually and as Mayor of City of Sherrill, et al., Respondents. [741 NYS2d 637] —Appeal from a judgment (denominated order) of Supreme Court, Oneida County (Shaheen, J.), entered October 23, 2001, which dismissed the CPLR article 78 petition seeking, inter alia, petitioner's reinstatement to the position of chief of police.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following Memorandum: Petitioner accepted a provisional appointment to the position of chief of police for respondent City of Sherrill (City) in May 1999. Respondents made the position permanent in June 2000, after petitioner fulfilled two conditions to which the parties had orally agreed, i.e., that petitioner pass the civil service examination for chief of police and maintain a residence in the City. Petitioner subsequently asked respondents to waive the residency requirement, but respondents denied that request. When petitioner nevertheless relocated his residence in June

2001 outside of the City but within the same county, respondent Dwight Evans, the mayor, informed him that he had thereby vacated his position. Petitioner commenced this proceeding, alleging that respondents violated Civil Service Law § 75 by failing to conduct a disciplinary hearing and seeking, inter alia, reinstatement to his position with back pay. Supreme Court erred in dismissing the petition.

Petitioner contends for the first time on appeal that respondents violated the Public Officers Law in determining that he vacated his position when he moved outside of the City. We agree. We address that contention despite the fact that it is raised for the first time on appeal because it involves "a proposition of law which appeared upon the face of the record and which could not have been avoided by respondents if brought to their attention at the proper juncture" (*Matter of Knickerbocker Field Club v Site Selection Bd. of City of N.Y.*, 41 AD2d 539, 540; *see Brawdy v National Grange Mut. Ins. Co.*, 207 AD2d 1019, 1020). Because petitioner is "a member of the police force" within the meaning of Public Officers Law § 3 (2) and § 30 (4), he did not vacate his position when he relocated his residence outside of the City but remained in the same county. Such a residency requirement would have to be established by a local legislative enactment (*see* § 30 [4] [3]). In addition, respondents had no authority to deem petitioner's position vacant based on petitioner's breach of the alleged oral agreement to maintain a residence in the City without first conducting a pretermination hearing pursuant to Civil Service Law § 75 to determine whether petitioner had thereby engaged in misconduct. We therefore reverse the judgment and grant the petition, reinstating petitioner to his position pending further action by respondents in compliance with Civil Service Law § 75 (*see e.g. Matter of Bailey v Susquehanna Val. Cent. School Dist. Bd. of Educ.*, 276 AD2d 963, 965), and we remit the matter to Supreme Court, Oneida County, to determine the compensation, including back pay and benefits, to which petitioner is entitled pursuant to Civil Service Law § 77. Present—Pigott, Jr., P.J., Green, Hurlbutt, Burns and Lawton, JJ.