■ In the Matter of PETER GORMAN, Individually and as President of the Uniformed Fire Officers Association, Local 854, LAFF, AFL-CIO, et al., Respondents, v THOMAS VON ESSEN, as Fire Commissioner of the City of New York, et al., Appellants. [742 NYS2d 235] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 7, 2000, annulling New York City Department of Citywide Administrative Services Resolution No. 99-7, unanimously affirmed, without costs.

The challenged resolution eliminates the titles Battalion Chief (Fire) and Deputy Chief (Fire) and replaces them with the title of Chief Officer (Fire) subdivided into two assignment levels, Level I corresponding to the former Battalion Chief and Level II corresponding to the former Deputy Chief. Elevation from Level I to Level II would be based on record and performance, and the competitive examination formerly required for promotion from Battalion Chief to Deputy Chief would be eliminated. The Resolution was properly annulled as a subterfuge for promotion based on criteria other than competitive examination in violation of NY Constitution, article V, § 6 and Administrative Code of the City of New York § 15-110. On this record, movement from Battalion Chief to Deputy Chief, and now from Level I to Level II Chief Officer, involves not

only an increase in salary of about $10,000 and a significant advance in professional responsibility and prestige (*see, Matter of Joyce v Ortiz*, 108 AD2d 158, 162), but also skills and duties that for more than 100 years have been regarded as essentially different and best ascertained through competitive examination (*compare, Matter of Kitchings v Jenkins*, 85 NY2d 694, 698). Concur—Buckley, J.P., Sullivan, Lerner and Friedman, JJ.