■ In the Matter of KENNETH NYDAM, Appellant, v FRANKLIN CENTRAL SCHOOL DISTRICT, BOARD OF EDUCATION, Respondent. [755 NYS2d 324] —Carpinello, J. Appeal from a judgment of the Supreme Court (Hester, Jr., J.), entered May 8, 2002 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a hearing pursuant to Civil Service Law § 75.

Petitioner is a school bus driver employed by respondent. In this proceeding, he claims that he was disciplined without the procedural protections afforded under Civil Service Law § 75 when respondent failed to reassign him to a particular bus run for the 2001-2002 school year. We are unpersuaded. The subject bus run, which was assigned on a year-to-year basis, was *not* part of petitioner's regular duties; rather, it was an additional assignment for which he received supplemental income. Although the additional run was not reassigned to petitioner because of his conduct toward certain students the previous year, petitioner was not dismissed (*compare Matter of Kelly v Evans*, 294 AD2d 924 [2002], *lv denied* 98 NY2d 614 [2002]), did not suffer a reduction in title, grade, regular annual salary or benefits (*see Matter of Galatti v County of Dutchess*, 64 NY2d 1163 [1985]; *Matter of Gibbone v Fire Dept. of City of N.Y.*, 123 AD2d 693 [1986]; *compare Bailey v Susquehanna Val. Cent. School Dist. Bd. of Educ.*, 276 AD2d 963 [2000]; *Matter of Campbell v New York City Tr. Auth.*, 253 AD2d 813 [1998], *lv denied* 93 NY2d 805 [1999]; *Matter of Borrell v County of Genesee*, 73 AD2d 386 [1980]) and was not otherwise subject to disciplinary action, such as suspension (*compare Matter of Campbell v New York City Tr. Auth., supra*). Thus, Civil Service Law § 75 was not implicated and Supreme Court properly dismissed the proceeding. Furthermore, petitioner has not identified any statutory or regulatory provision which confers

upon him a constitutionally protected property interest in the continued assignment of the disputed bus run (*see Bykofsky v Hess*, 107 AD2d 779, 781-782 [1985], *affd* 65 NY2d 730 [1985], *cert denied* 474 US 995 [1985]; *Matter of Voorhis v Warwick Val. Cent. School Dist.*, 92 AD2d 571 [1983]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.