■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Respondents, v DONALD MENNILLO, as Deputy Director of Schenectady County Information Services, et al., Respondents, and RICHARD M. FRIGOLETTE, as Chair of the Schenectady County Civil Service Commission, et al., Appellants. [832 NYS2d 325]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Hoye, J.), entered March 6, 2006 in Schenectady County, which, inter alia, granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Schenectady County Civil Service Commission requiring petitioner Suzanne Burns to take a civil service examination to retain her competitive position.

Petitioner Suzanne Burns was appointed to the noncompetitive position of full-time salaried computer aide in Schenectady County in 2000. Four years later, the Schenectady County Civil Service Commission determined that Burns' position should be a competitive position and she would be required to undergo examination in order to continue in the position. In this CPLR article 78 proceeding, Supreme Court determined that petitioners were entitled to summary judgment declaring that Burns was entitled to continue in her position as a computer aide without examination, despite the reclassification of the position to competitive.

We disagree with the argument of the Civil Service Commissioners and the Chair of the Civil Service Commission (hereinafter collectively referred to as respondents) that Supreme Court incorrectly determined that Burns could continue in her position without examination. Civil service employees, in the

noncompetitive class, whose positions are subsequently reclassified into the competitive class may continue in their positions without examination (*see Matter of Bell v County of Warren*, 111 AD2d 428, 429 [1985]). Here, the record establishes that despite reclassification, Burns' job and responsibilities remained unchanged during her four years in the position. We reject respondents' contention that Burns was not permanently appointed to the position of computer aide in 2000. The employment records confirmed Burns' permanent appointment in November 2000 and those records were not altered until July 2004, changing Burns' appointment from permanent to temporary for the 2001-2002 calendar years. Thus, we conclude that Supreme Court correctly determined that Burns was entitled to maintain her employment without successfully completing a required civil service examination, even though the position has been reclassified as competitive.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.