SIDNEY J. SCHWARTZBAUM, as President of the Assistant Deputy Wardens/Deputy Wardens Association, on Behalf of Assistant Deputy Warden DARRYL HARRISON and All Those Similarly Situated, Appellant, v MARTIN F. HORN, as Commissioner of the Department of Correction of the City of New York, Respondent. [852 NYS2d 136]—

The determination reassigning Harrison from warden level II, where he served as respondent's chief of staff, to warden level I was not arbitrary or capricious, and was a rational exercise of discretion. Although Harrison was under investigation for possible wrongdoing in allegedly giving a Department of Correction (DOC) snowblower to a correction officer for his own use, the record evidence, including respondent's testimony, establishes that Harrison's reassignment was not a disciplinary punishment, which would implicate the procedural protections afforded by Civil Service Law § 75, but one based on the assessment that Harrison lacked the requisite integrity and judgment to retain his position (*compare Matter of Campbell v New York City Tr. Auth.*, 253 AD2d 813 [1998], *lv denied* 93 NY2d 805 [1999]). The determination was within respondent's discretion (*see Matter of Kitchings v Jenkins*, 85 NY2d 694, 698 [1995]), and was based on Harrison's own admissions that after becoming aware

of the allegations of wrongdoing as a result of the access he had to sensitive information in his position as respondent's chief of staff, he contacted the correction officer and instructed him to get rid of the snowblower. There exists no basis to disturb the court's findings crediting respondent's testimony. Concur—Tom, J.P., Buckley, Sweeny and Moskowitz, JJ.